WMG
FILED IN OPEN COURT
ON 4/18/17
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-134-1BR(1)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| XAVIER MILTON EARQUHART ) | |
|    a/k/a Xavier Smart ) | |
|    a/k/a Xavier Akpan Smart ) | |
|    a/k/a Xzavier Erquhart ) | |
|    a/k/a Xzayvier Ernhart ) | |
|    a/k/a David Imrich ) | |

The Grand Jury charges that:

INTRODUCTION

1. At all times material to this Indictment, XAVIER MILTON EARQUHART was an individual who directly and indirectly purchased and disposed of real property located in the Eastern District of North Carolina and elsewhere.

2. Between 2013 and 2015, EARQUHART executed various schemes to deprive banks, lenders, and individuals of money and property through the purchase and sale of real property, and through the filing of fraudulent documents affecting the mortgage lending process.

1

## COUNTS 1 THROUGH 7
### Bank Fraud & Aiding and Abetting
### 18 U.S.C. §§ 1344 and 2

3. Beginning at a time unknown, but no later than November of 2010 and continuing to a time unknown, but no earlier than August of 2013, within the Eastern District of North Carolina, and elsewhere, the defendant, XAVIER MILTON EARQUHART, aiding and abetting others known and unknown to the grand jury, knowingly executed and attempted to execute a scheme: (1) to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20; and (2) to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

3. EARQUHART engaged in a scheme to fraudulently acquire title to a dwelling at 2732 Knowles Street in Raleigh, North Carolina, and then to obtain loans from various financial institutions using the dwelling as collateral.

4. In or about 1993 G.D. purchased the property at 2732 Knowles Street in Raleigh, North Carolina (hereinafter "Knowles Street"). The property was rented to a tenant who was later

2

evicted for nonpayment of rent. After the eviction, Knowles Street sat vacant for several years.

5. On or about November 30, 2010, EARQUHART took a North Carolina General Warranty Deed relating to Knowles Street to J.C. to be notarized. The deed purported to convey title from G.D. to "Abraham Elijah Ishmael." J.C. notarized the deed outside the presence of G.D. or the person identified as Ishmael. In fact, G.D. did not convey title to Knowles Street to Ishmael, and her signature on the deed was forged. The deed was recorded at the Wake County Register of Deeds on December 13, 2010.

6. On or about February 2, 2011, EARQUHART took another North Carolina General Warranty Deed relating to Knowles Street to J.C. to be notarized. The deed purported to convey title from Ishmael to Executive Investment Group, which was an entity formed and controlled by EARQUHART. J.C. notarized the deed outside the presence of Ishmael. The deed was recorded at the Wake County Register of Deeds on February 14, 2011.

7. On April 11, 2013, a deed was recorded at the Wake County Register of Deeds conveying title to Knowles Street from Executive Investment Group to EARQUHART.

8. Thereafter, EARQUHART attempted to obtain $496,200 in loan proceeds from seven financial institutions by offering

3

Knowles Street as collateral. In fact, as EARQUHART then and there knew, he was not the rightful owner of Knowles Street, as title was obtained by fraud from G.D.

9. EARQUHART successfully acquired loans from three financial institutions, reaping $185,200 in loan proceeds.

## EXECUTION OF THE SCHEME

10. On or about the dates set forth in the table below, each entry constituting a separate count of this Indictment, within the Eastern District of North Carolina and elsewhere, the Defendant, XAVIER MILTON EARQUHART, aiding and abetting others known and unknown to the grand jury, executed and attempted to execute the scheme and artifice described above, in that the he made a loan application to each of the financial institutions, as that term is defined in Title 18, United States Code, Section 20, below, offering Knowles Street as collateral:

| COUNT | DATE | VICTIM BANK | LOAN AMOUNT |
|---|---|---|---|
| 1 | 5/28/2013 | State Employees Credit Union | $90,000 |
| 2 | 5/29/2013 | Branch Banking and Trust (BB&T) | $75,000 |
| 3 | 5/29/2013 | Regions Bank | $76,000 |
| 4 | 6/14/2013 | TrustAtlantic Bank | $75,000 |
| 5 | 7/31/2013 | Regions Bank | $70,000 |
| 6 | 8/9/2013 | SunTrust Bank | $58,000 |
| 7 | 8/9/2013 | Capital Bank | $52,000 |

Each of the transactions identified in the foregoing table constituting a separate violation of Title 18, United States Code,

4

Sections 1344 and 2.

## COUNTS 8 THROUGH 14
*Bank Fraud & Aiding and Abetting*
**18 U.S.C. §§ 1344 and 2**

### THE SCHEME

11. Beginning at a time unknown, but no later than November of 2014, and continuing to a time unknown, but no earlier than March of 2016, within the Eastern District of North Carolina, and elsewhere, the defendant, XAVIER MILTON EARQUHART, aiding and abetting others known and unknown to the grand jury, knowingly executed and attempted to execute a scheme to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, as defined in Title 18, United States Code, Section 20, by means of materially false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

12. EARQUHART utilized a pattern generally consisting of the following steps:

   a) A Homeowner's Association foreclosed on a property due to the nonpayment of HOA dues. Properties fitting this description are referred to herein as the "Foreclosed Properties."

   b) A corporate legal entity, referred to herein as a "Holding Company," was formed for the purpose of temporarily taking title to a Foreclosed Property. The

c)  Holding Companies were usually formed in the State of Delaware. The names of the Holding Companies often contained the address of the foreclosed property or the name of the current owner of the foreclosed property.

c)  A bank account was opened in the name of the Holding Company. The sole signatory on the Holding Company bank account was EARQUHART.

d)  The Foreclosed Property was put up for auction by the HOA or its representative. EARQUHART used an alias to bid on the Foreclosed Property in the name of a Holding Company.

e)  After receiving a winning bid for the Foreclosed Property, the HOA deeded its interest in the foreclosed property to the Holding Company.

f)  Despite the HOA foreclosure, a bank, referred to herein as the "Victim Bank," maintained a first priority lien on the foreclosed property. EARQUHART caused a fraudulent Satisfaction of Security Instrument (hereinafter "Fraudulent Satisfaction") to be filed and recorded by the Register of Deeds Office located in the county where the Foreclosed Property was located. The Fraudulent Satisfaction purported to extinguish any existing encumbrance on the Foreclosed Property by the Victim Bank. The Victim Banks were Financial Institutions, as that term is defined in Title 18, United States Code, Section 20.

g)  Purporting to have clear title to the Foreclosed Property in the name of the Holding Company, EARQUHART caused Holding Company to sell the Foreclosed Property to a third party buyer.

h)  EARQUHART reaped the financial benefit of the sale of the Foreclosed Property to the third party buyer. Upon receiving funds from the sale of the Foreclosed Property, EARQUHART immediately liquidated the Holding Company bank accounts, typically by purchasing either official checks or cashier's checks that were converted to cash.

## EXECUTION OF THE SCHEME

13. On or about the dates set forth in the table below, each entry constituting a separate count of this Indictment, within the Eastern District of North Carolina and elsewhere, the Defendant, XAVIER MILTON EARQUHART, aiding and abetting others known and unknown to the grand jury, executed and attempted to execute the scheme and artifice described above, in that the he caused a Foreclosed Property to be sold to a Victim Buyer through a Holding Company when, in fact, the Victim Bank's lien on the property was extinguished by means of a Fraudulent Satisfaction:

| COUNT | FORECLOSED PROPERTY | DATES | HOLDING COMPANY | VICTIM BANK |
|---|---|---|---|---|
| 8 | 1216 Cantlemere Street Wake Forest, NC | 2/2015 to 3/2015 | Ferguson Family Irrevocable Trust of 2015 | Nat. City Bank of In. d/b/a First Franklin |
| 9 | 2823 Wellington Ridge Loop Cary, NC | 3/2015 to 5/2015 | Winter Elyse & Family Corporation | Countrywide Home Loans, Inc. |
| 10 | 505 E. 6th Street, #1306 Charlotte, NC | 4/2015 to 6/2015 | Lateef J and Son's Family Condo LLC | Bank of America, N.A. |
| 11 | 14716 Via Sorrento Drive, Charlotte, NC | 4/2015 to 7/2015 | Gaydos & Family 14716 Via Sorrento Condominium Inc. | Equifirst Corporation |
| 12 | 5213 Gable Ridge, Holly Springs, NC | 11/2014 to 8/2015 | Bridgewater & Associates Absolute Auction Estate Buyers and Sellers Hedge Fund | Nationstar Mortgage, LLC |

| COUNT | FORECLOSED PROPERTY | DATES | HOLDING COMPANY | VICTIM BANK |
|---|---|---|---|---|
| 13 | 14109 Arbor Ridge Drive Charlotte, NC | 3/2015 to 8/2015 | The Stanton E 14109 Arbor Ridge Dr Inc. | Prime Lending, A Plains Capital Company |
| 14 | 9007 Holland Park Lane, Charlotte, NC | 12/2015 to 3/2016 | Keith H Property LLC | Acopia, LLC |

Each of the transactions identified in the foregoing table constituting a separate violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 15 THROUGH 20
### Engaging in Monetary Transactions Involving Criminally Derived Property
### 18 U.S.C. § 1957

14. Paragraphs 1 through 13 are realleged and incorporated herein as though fully set forth in this Count.

15. On or about the dates listed in the following table, in the Eastern District of North Carolina and elsewhere the defendant, XAVIER MILTON EARQUHART, knowingly engaged in the monetary transactions identified in each row of the table, each involving criminally derived property, where the value of the property exceeded $10,000, and said property was derived from a Specified Unlawful Activity (SUA), to wit, Bank Fraud, in violation of Title 18, United States Code, Section 1344:

[Table begins on the following page]

8

| COUNT | DATE | MONETARY TRANSACTION | AMOUNT | LINKED SUA |
|---|---|---|---|---|
| 15 | 3/10/2015 | Purchase of six official checks using funds from BB&T account in the name of Ferguson Family Irrevocable Trust of 2015 | $114,000 | Count 8 |
| 16 | 6/11/2015 | Purchase of eight official checks using funds from Bank of America account in the name of Lateef J and Son's Family Condo LLC | $200,000 | Count 10 |
| 17 | 7/10/2015 | Purchase of four official checks using funds from PNC Bank account in the name of Gaydos & Family 14716 Via Sorrento Condominium Inc. | $130,000 | Count 11 |
| 18 | 7/31/2015 | Purchase of five official checks using funds from Bank of America account in the name of Bridgewater & Associates Absolute Auction Estate Buyers and Sellers Hedge Fund | $228,290 | Count 12 |
| 19 | 3/11/2016 | Purchase of three cashier's checks using funds from PNC Bank account in the name of Keith H Property LLC | $150,000 | Count 14 |
| 20 | 8/5/2015 | Purchase of two official check using funds from Bank of America account in the name of Stanton E 14109 Arbor Ridge Dr Inc | $97,800 | Count 13 |

Each of the transactions identified in the foregoing table constituting a separate violation of Title 18, United States Code, Section 1957.

9

# COUNT 21
## *Aggravated Identity Theft and Aiding and Abetting*
## 18 U.S.C. §§ 1028A(a)(1) and 2

16. Paragraphs 11 through 13 are realleged and incorporated herein as though fully set forth in this Count.

17. Between in or about December 5, 2014 and January 12, 2015, in the Eastern District of North Carolina, the defendant, XAVIER MILTON EARQUHART, did knowingly possess, transfer, and use, and did willfully cause others to possess, transfer, and use, without lawful authority, certain means of identification belonging to other persons, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, the felony offense identified in Count 12 herein, knowing that said means of identification belonged to J.M. and A.D.M., all in violation of Title 18, United States Code, Section 1028A(a)(1) and 2.

## FORFEITURE NOTICE

Upon conviction of the offenses in Counts One through Fourteen of the Indictment, the Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A) any property constituting, or derived from the gross proceeds obtained, directly or indirectly, as a result of the said offenses, including, but not limited to:

(A) A money judgment in an amount of $1,152,240.81,

10

constituting the gross proceeds of the charged offenses

(B)  $291,903.31 in gold bullion coins

(C)  A Rolex watch (40mm S-18KY Submariner BLK DL, Serial number 94H6G762)

In addition, upon conviction of the offenses in Counts Fifteen through Twenty of the Indictment, the Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) any property, real or personal, involved in such offenses, or any property traceable to such property. The property includes, but is not limited to the same property identified above.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States,

[Remainder of page is blank]

pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

Foreperson

Date: 4.18.17

JOHN STUART BRUCE
United States Attorney

BY: WILLIAM M. GILMORE
Assistant United States Attorney