UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-134-BR-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| XAVIER MILTON EARQUHART | ) |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING "SOVEREIGN CITIZEN" STATUS, LACK OF SUBJECT MATTER JURISDICTION, AND SIMILAR CLAIMS**

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby files this Motion In Limine to Exclude Evidence and Argument Concerning "Sovereign Citizen" Status, Lack of Subject Matter Jurisdiction, and Similar Claims, and states the following:

1.  The defendant is charged in the Superseding Indictment with ten counts of Bank Fraud, two counts of Conducting Financial Transactions in Criminally Derived Property, and one count of Aggravated Identity Theft.

2.  This Court has subject matter jurisdiction over this case and the crimes alleged in the Indictment. As a citizen of the United States and a resident of North Carolina, the defendant is subject to prosecution for violations of Title 18 committed in this judicial district.

3.  The defendant's pro se arguments regarding subject matter jurisdiction, and some evidence collected in the case suggest that the defendant will attempt to inject evidence or argument concerning "sovereign citizen status" and/or lack of subject matter jurisdiction, into the trial. The defendant's pro se filings reflect his firmly held belief that this Court has no authority to maintain this prosecution. Likewise, some documentation collected in this case reflects the

1

defendant's belief that he is a sovereign citizen who is incapable of prosecution under Title 18. For example, some documents signed by the defendant indicate that the signature was made with "A.R.R." or all rights reserved under the Uniform Commercial Code, consistent with sovereign citizen beliefs.

4. This Court has already denied the defendant's pro se motions to dismiss which challenged the subject matter jurisdiction of the Court. Likewise, the Fourth Circuit rejected the defendant's efforts to pursue such challenges by way of interlocutory appeal. Nevertheless, the defendant has persisted in making pro se challenges concerning the subject matter jurisdiction of the court, and now appears to be pursuing a pro se petition for certiorari. As such, the Government has ample cause to believe that the defendant, either directly or through counsel, will attempt to inject the legal questions of subject matter jurisdiction or sovereign citizenship into the trial of this case.

5. Evidence and argument concerning lack of subject matter jurisdiction (including sovereign citizen status) are irrelevant to the issues under consideration by the jury at trial. The issue of subject matter jurisdiction is a legal question for consideration by the Court, not the jury. Arguments concerning, for example, whether North Carolina ever passed any law giving the federal government authority to prosecute him under Title 18, are not probative of whether the defendant committed the crimes charged in the Superseding Indictment. Since such arguments are irrelevant, they are inadmissible under Federal Rule of Evidence 402, and should be excluded at trial.

6. Likewise, evidence and argument concerning subject matter jurisdiction are unfairly prejudicial, likely to contribute to a confusion of the issues, and likely to waste time, and hence should be excluded under Rule 403(b).

7. Undersigned counsel has asked counsel for the defendant to agree that such arguments and evidence will not be presented at trial. Counsel for the defendant has refused to confirm and agree that such evidence and arguments will not be presented at trial, even though the defendant is represented by counsel and is not representing himself. As such, the defendant has not consented to the relief requested herein, and an order of this Court is necessary to avoid unfair prejudice to the Government at trial.

WEREFORE, the Government respectfully requests that this Court exclude from the trial of this matter any evidence or argument concerning a lack of subject matter jurisdiction by the court, or any related arguments arising from the "sovereign citizen" belief set, or enter such other order as the Court deems appropriate under the circumstances.

Respectfully submitted this 1st day of March, 2018.

                ROBERT J. HIGDON, JR.
                United States Attorney

BY: /s/ William M. Gilmore
     WILLIAM M. GILMORE
     Attorney for the United States
     United States Attorney's Office
     310 New Bern Avenue, Suite 800
     Raleigh, NC 27601
     Telephone: (919) 856-4338
     Fax: (919) 856-4487
     Email: william.gilmore@usdoj.gov
     FL State Bar No. 014342
     NC State Bar No. 47037

3

Case 5:17-cr-00134-BR   Document 87   Filed 03/01/18   Page 3 of 4

# CERTIFICATE OF SERVICE

This is to certify that I have this 1st day of March, 2018, served a copy of the foregoing upon counsel for the defendant in this action:

**Suzanne Little**
Federal Public Defender's Office
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
919-856-4236
suzanne_little@fd.org

**Rosemary Godwin**
434 Fayetteville St., Suite 2050
Raleigh, NC 27601
919-834-6161
919-834-3400 (fax)
rosemary@rosemarygodwinlaw.com

Via the CM/ECF System and via electronic mail.

          ROBERT J. HIGDON, JR.
          United States Attorney

BY: /s/ William M. Gilmore
      WILLIAM M. GILMORE
      Attorney for the United States
      United States Attorney's Office
      310 New Bern Avenue, Suite 800
      Raleigh, NC 27601
      Telephone: (919) 856-4338
      Fax: (919) 856-4487
      Email: william.gilmore@usdoj.gov
      FL State Bar No. 014342
      NC State Bar No. 47037