IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-134-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| XAVIER MILTON EARQUHART | ) |

**PRELIMINARY ORDER AND JUDGMENT OF FORFEITURE**

WHEREAS, pursuant to the guilty verdict convicting the defendant, Xavier Milton Earquhart, of offenses in violation of 18 U.S.C. §§ 1344, 1957 & 2, and the jury's special verdict finding that the Government had established the requisite nexus between certain property and the offense(s) of conviction by a preponderance of the evidence, the Court finds that the following property is forfeitable pursuant to 18 U.S.C. §§ 982(a)(1) and (a)(2)(A), to wit:

A.   As proceeds of the scheme or artifice to commit a bank fraud offense charged in Counts One through Seven: $184,987.00.

B.   As proceeds of the scheme or artifice to commit a bank fraud offense charged in Counts Eight through Ten: $1,304,804.71; $291,903.31 in gold bullion coins; and studio recording equipment, described more specifically as 2 GENELEC

1

8351APM Monitors, 1 GENELEC 7360APM Smart Active Sub, 1 GLM Loudspeaker Manager V2.0, 1 Sony C800GPAC, and 1 SSL AWS 948 Demo SN SWS4237.

    C.   As property involved in the money laundering offense charged in Count Eleven: $200,000.00.

    D.   As property involved in the money laundering offense charged in Count Twelve: $228,290.00.

As to some of the above-described forfeitable property – that is, a total of $1,489,791.71 in gross proceeds of the two bank fraud schemes and $428,290.00 involved in two money laundering transactions – the Court finds that as a result of an act or omission of the defendant, its whereabouts are unknown and it cannot be located upon the exercise of due diligence; and, accordingly, that the following other property of said defendant, up to the value of the above forfeitable property, shall be forfeited pursuant to 21 U.S.C. § 853(p), said substitute property being the property that is the subject of the *in rem* civil forfeiture action styled <u>United States v. Earquhart's Personal Property</u>, 5:17-CV-525-BR, to which the defendant herein has filed the only claim of ownership:

    A.   U.S. Currency in the amounts of $2,000.00, $25,100.00, and $17,100.00;

B. Gold and Silver Bars and Coins, valued at approximately $225,000.00;

C. Miscellaneous Recording Studio Equipment and Related Accessories, described more specifically in Exhibit A to the Government's civil complaint [DE-1-1];

D. A 2016 Toyota Highlander Hybrid, Sport Utility Vehicle, VIN: 5TDDCRFH9GS020328;

E. Miscellaneous Electronic Equipment, Computers, Cell Phones, Thumb Drives and Related Accessories, described more specifically in Exhibit A to the Government's civil complaint [DE-1-1];

F. Miscellaneous Pre-Paid Debit Cards, Gift Cards and Money Orders;

G. A Sig Sauer Firearm, Serial Number EAK067238, and any and all accompanying ammunition and magazines;

H. And any and all proceeds from the sale of said property.

AND WHEREAS, by virtue of the jury's verdict, the United States is now entitled to entry of a preliminary order of forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2); and to seize the specific property subject to forfeiture, to conduct any discovery the Court considers proper in identifying, locating, or

disposing of the property, and to commence proceedings that comply with any statutes governing third-party rights, as provided by Fed. R. Crim. P. 32.2(b)(3).

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the jury's guilty verdict and special verdict as to the defendant, Xavier Milton Earquhart, the United States is hereby authorized to seize the above-stated directly forfeitable and substitute property, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n), as allowed by Fed. R. Crim. P. 32.2(b)(3). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order and Judgment shall become final as to the defendant at sentencing.

2. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Order and Judgment of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B).

3. That pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in

the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

4. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) and (a)(2)(A), as required by Fed. R. Crim. P. 32.2(c).

5. That to the extent that the forfeiture or sale of any tangible personal property, including substitute property, is adequate to satisfy this Judgment in the amounts of $1,489,791.71 in gross proceeds and $428,290.00 involved in money laundering, the United States shall promptly file a Partial Satisfaction of

Judgment to the extent it is so satisfied.

This 1 June 2018.

_____
W. Earl Britt
Senior U.S. District Judge