UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-134-BR-1

UNITED STATES OF AMERICA

v.

XAVIER MILTON EARQUHART

ORDER

This matter is before the court on defendant's various *pro se* motions. (DE ## 165, 170, 195, 208, 211, 219.) The government filed a response in opposition to the motions for return of property and to set aside and stay the final order of forfeiture. (DE ## 172, 217.) Defendant filed a reply to the government's response to the motions to set aside and stay. (DE # 218.)

By way of brief background, in 2018, a jury convicted defendant of multiple bank fraud and related financial crimes. The court sentenced defendant to a total term of imprisonment of 384 months and ordered that he forfeit the items identified in the preliminary order of forfeiture, including currency, gold bullion coins, gold and silver bars and coins, studio recording equipment, a vehicle, miscellaneous electronic equipment, and a firearm. (J., DE # 153, at 3, 10; see also 6/1/18 Order, DE # 132.) On the government's unopposed motion, the court entered a final order of forfeiture after the government published notice of the preliminary order of forfeiture. (DE # 203.) Defendant's appeals from the judgment and from the final order of forfeiture are pending before the Fourth Circuit Court of Appeals. See United States v. Earquhart, Nos. 18-4471, 19-4016 (4th Cir.).

Defendant's first motion requests that the court direct the United States Marshals to transfer with him to his designated institution of incarceration "law books, legal papers[,]

envelopes[,] postage stamps, Quran (religious [b]ooks)[,] and prayer rug (religious [i]tem)." (DE # 165, at 2.) At the time defendant submitted this motion, he was apparently waiting to be designated by the Bureau of Prisons ("BOP") to an institution for incarceration. According to BOP records, defendant is now incarcerated at Williamsburg FCI. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 33867-057) (last visited Apr. 29, 2019). As defendant's authorized personal property has likely been transported to that institution by now, see 28 C.F.R. § 553.14, the motion is moot.

Defendant's second motion seeks the return of property seized pursuant to search warrants executed in this case. (DE # 170, at 1-2.) Such a "motion 'is properly denied if the movant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues.'" Bullock v. United States, 176 F. Supp. 3d 517, 523 (M.D.N.C. 2016) (quoting United States v. Soza, 599 F. App'x 69, 70 (4th Cir. 2015) (internal alterations omitted)). Although the judgment has been entered, this case is on appeal, and an ancillary forfeiture proceeding is pending, United States v. Earquhart's Personal Property, No. 5:17-CV-525-BR (E.D.N.C.). Accordingly, the court will not order the return of any property at this time. Cf. United States v. Abdul-Aziz, No. 1:03CR39-01, 2009 WL 3147802, at *2 (N.D.W. Va. Sept. 25, 2009) (granting the defendant's motion for return of property once his direct appeal became final).

In two motions, defendant requests copies of discovery material and/or trial exhibits. (DE ## 195, 219.) Defendant claims he needs the documents for his appeal. Trial counsel states that DVDs containing discovery and trial exhibits, among other things, were mailed to defendant through his counselor at Williamsburg FCI. (DE # 207.) Furthermore, appointed counsel represents defendant on appeal and has access to all documents pertinent for defendant's appeal.

2

Also, according to Fourth Circuit Court of Appeals docket, defendant has filed *pro se* in that court numerous documents, including a supplemental brief, an amended supplemental brief, and motions for copies. For these reasons, the court will deny defendant's requests for copies.

Finally, in two identical motions, defendant requests that the court set aside the final order of forfeiture and stay forfeiture pending appeal. (DE ## 208, 211.) To the extent defendant seeks to set aside the final order of forfeiture, the court construes the motions as ones for reconsideration. Defendant filed these motions *prior* to filing the notice of appeal from the final order of forfeiture.[1] As such, the court concludes that it has jurisdiction to rule upon the motions. See United States v. Christy, 3 F.3d 765, 767 (4th Cir. 1993) (recognizing that if the defendant had moved for reconsideration before filing a notice of appeal, the district court would be required to rule on the motion to reconsider).

Defendant argues the court should set aside the final order of forfeiture because he did not receive notice of the preliminary forfeiture order under Federal Rule of Criminal Procedure 32.2(b)(6)(B), and therefore, he has been denied the right to contest the forfeiture. Defendant received notice of forfeiture not only by the superseding indictment (at his initial appearance) but also by the government's motion for a preliminary order of forfeiture, (DE # 124), which was served on trial counsel, who in fact contested forfeiture, (DE # 131).[2] Rule 32.2(b)(6)'s notice requirement is intended to protect potential claimants other than the defendant. See Fed. R. Crim P. 32.2(b)(6), (7) advisory committee notes to 2009 amendment ("The amendment governs such mechanical and technical issues as the manner of publishing notice to third parties . . . .").

---

[1] The motions to set aside and stay and the notice of appeal are dated the same, 21 December 2018. The court received and filed one of the motions to set aside and stay on 28 December 2018. Because the motions are identical, the court considers them collectively. The notice of appeal was received and filed on 2 January 2019.
[2] The court entered the preliminary order of forfeiture after the jury determined the forfeitability of specific property. (See Special Verdict, DE # 115.)

Because defendant was notified of, and contested, forfeiture and was not entitled to separate notice under Rule 32.2(b)(6), the court declines to reconsider the final order of forfeiture.

As for a stay pending appeal, "courts have generally examined the following factors: (1) the likelihood of success on appeal; (2) whether the forfeited assets will depreciate over time; (3) the forfeited assets' intrinsic value to the defendant; and (4) the expense of maintaining the forfeited property." United States v. Ngari, 559 F. App'x 259, 272 (5th Cir. 2014); see also id. 272 n.43 (collecting cases). Weighing these factors, the only one in defendant's favor concerns miscellaneous electronic equipment. Defendant claims these items have sentimental value as they contain family pictures and videos, many of which cannot be duplicated. (Reply, DE # 218, at 3.) Based on the items' purported sentimental value and because such items are not voluminous and the burden on the government to store the property appears minimal, the court will stay the forfeiture of those items only.

It is hereby ORDERED as follows:

1. Defendant's motion to transfer property, (DE # 165), with him is DENIED;
2. Defendant's motion for return of property, (DE # 170), is DENIED;
3. Defendant's motions for documents, (DE ## 195, 219), are DENIED;
4. Defendant's motions to set aside and stay pending appeal, (DE # 208, 211), are ALLOWED IN PART and DENIED IN PART; and,
5. The forfeiture of the items identified as "miscellaneous electronic equipment, computers, cell phones, thumb drives and related accessories" in Case No. 5:17-CV-525-BR (DE # 1-1, at 2-3) is STAYED pending conclusion of defendant's

appeals, Nos. 18-4471, 19-4016.

This 6 May 2019.

_____
W. Earl Britt
Senior U.S. District Judge