In The United States District court for The

Eastern District of North Carolina

Western Division

FILED

MAR 16 2020

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ JAB _____ DEP CLK



NO: 5:17-CR-139-BR(1)

| | |
|---|---|
| United States of America | Notice of filing of Additional objections |
| Plaintiff | to Pre Sentence Report and presentment of |
| Vs. | Information to Mitigate Sentence |
| Xavier Milton Earquhart | Imposed pursuant to Fed R Crim P 32 |

Comes Now, Xavier milton Earquhart hereinafter "MR. Earquhart" objecting Party" or "defendant in properia persona Sui Juris and defendant in Error of the above actioned case and hereby states in writing the foregoing additional Objections to material, Information sentencing guideline ranges, Policy Statements contained in or omitted from the presentence report and to present information to mitigate the sentence

MR. Earquhart pursuant to Fed R. Crim P Rule 32 (f) (2) hereby gives notice as the objecting party that a copy of the foregoing Additional objections to presentence report and presentment of information to mitigate Sentence imposed pursuant to Fed R Crim P Rule 32 (f) (1), 32 (I)(4)(A)(ii) has been served upon the united states Probation office and the united states Attorney's offerae (oposing party) This Pleading is in addition to the objections filed on or about

Jan 2nd 2020

At #16

Jolletta Robinson Actions were not criminal Actions And therefore she can not be alleged to be a piticpitant. the record does not reflect which properties if any she located as potential properties to buy, and the record does not state that she located any that were purchased And referenced to within the superseding indictment

At #16

the government alleged "investigators determined the total balance of the mortgages at the time MR. Earquhart filed the fraudulent SOSI's was $1,056,512.78" The government failed to produce any evidence at trail and at the original sentencing of any payment history of the loans to sustain proof of this Alleged out standing amount and the Alleged amount possible includes amounts that must be excluded pursuant to ussg 2B1.1 Cmt 3 (D)(i)

At #17

The government Alleged "Earquhart conducted $1,053,688.41 in monetary transactions involving criminally derived property where the value of this property exceeded $10,000.00 The government failed at trail and at the original sentencing to submit any proof to sustain the claim and failed to show when this Alleged offense ended This amount is incorrect as the government failed to meet

Element of the underling offense of 18 USC 1344 (2) for Counts
8-10 which include the : "under custody or Control of a financial
Institution" Element and the "By means of false or fraudulent
pretense representation, or promise" element


At # 19, and 28
the government Alleged Deutsche Bank Sustained a loss of
$ 121,566.93 This amount includes Amounts prohibited pursuant
to USSg 2B1.1 cmt 3 (D)(i) at the Original Sentencing hearing
the Attorney for Deutsch Bank stated on record in open Court
that the total amount of Damages that our client is asking
for a restitution is $121,566.93. And that amount is composed
in part of our Attorney fees incurred in prosecuting a
civil action in order to reinstate our lien that was wrongly
Cancelled and then the interest that accrued from the date
of the fraud to the current date that we incurred because
we were unable to forclose on the property so the loan blance
Continued to accrue interest pursuant to the Deed of Trust
and the Note evidencing the indebtedness And then there were
som other Charges for county tax fees and other fees and Costs
that were incurred"


At # 20
the government Alleged "Based on the investigation between 2013 ½ 2016
Earquhart is Accountable for an intended loss of $1,801,0004.71

Although the Actual loss associated with the istant offense is Unknown it appears that Earquhart caused an actual loss of at least 1,570,561.86" In counts 1-7 loans were funded from BB&T, Suntrust, and Capital Bank All funds were repaid before sententing Except $5,200,00 owed to capital Bank funds were repaid through foreclosur of the subject property of counts 1-7, Cash payments Directly made to Banks, & payments made through Bankruptcy. Capital Bank has sold the $ remaining $5200,00 owed to a third party for counts 1-7 of the superseding indictment There are no funds owed to the Victims BB&T, Capital Bank, and suntrust and pursuant to ussg 2B1.1 Application Note (E)(i) as payment was made in full before re-Sententing to captial Bank, Suntrust and BB&T Bank

furthermore pursuant to ussg 2B1.1 Application Note "victim" means any person who sustained any part of the Actual loss and pursuant to 2B1.1 Application Note (3)(i) Actual loss means the reasonably foreseeable pecuniary harm that resulted from the offense. the government Mistakenly wishies to include $311,213.00 as an intended loss

for counts 1,3,5&6 as it is Alleged that MR. Eurquhart applied for Banks loans the ussg 2B1.1 Application Note limits victim to any person who sustained Actual loss and pursuant to (3)(i) Actual loss means reasonably foreseeable pecuniary harm that resulted from the offense in counts 1,3,5&6. the Alleged offense is Submission of Loan Applications, Subsequently the loan applications were Denied

and the subject loans were not funded and therefore the alleged banks of count 1, 3, 5 ¢ 6 for Enhancement purpose are not victims as they did not sustain any part of the Actual Loss because the loans were not funded as the banks of count 1, 3, 5, ¢ 6 are not victims and the reasonable foreseeable pecuniary harm Enhancement element does not apply to Mr. Earquhart as there is No victim and No offense for Enhancement purpose for counts 1, 3, 5 ¢ 6 and therefore the $311,213.00 Shall be Excluded

Any loss for Guerda Dominique in any amount is misapplied as at # 36 of the Revised presentence Investigation report Alleges a Actual loss for Guerda Dominique Between the amount of $70,000 to $139,000 As it is alleged She is a victim ussg 2B1.1 Application Note (3)(i) Actual loss Means the reasonably foreseeable pecuniary harm that resulted from the offense And pursuant to 2B1.1 Application Note "Victim" means any person who Sustained any part of the Actual loss the only Alleged Actual loss for counts 1-7 can only be the Alleged funded loans from Suntrust, BB ¢ T, and Capital Bank. The Actual loss is limited to the harm resulted from the Alleged offense In the instant case of counts 1-7 its Alleged that Mr. Earquhart used a fraudulent Deed to obtain ownership of the Subject property of counts 1-7 that Alone is not the offense Mr. Earquhart was indicted for and said Alleged act is not a federal offense Mr. Earquhart was indicted for Bank fraud therefore

⑤

the only harm that resulted from the Alleged bank fraud offense of
Counts 1-7 was the funded loans which were all repaid Before
Sentencing there fore No Enhancement points are warranted under
ussy 2B1.1(B)(1)(I) for conts 1-7

## At # 22

The alleged offense does not include any victims that were reasonably
foreseeable pecuniary harm arising from the alleged fraud's and
there was No proof submitted at trial or at the original Sentecting that
showed that the Actual lien holder's are National City Bank
of Indiana DBA first franklin, Bank of New york mellon, BOA,
Equifirst Corporation, Nationstar, Prime lending, A Plains Captial
Company, Acopia LLC, and ocwen Loan Servicing. further more the
record lacks evidence that the beneficial intrest in the Deeds of
trust have Not been transfered at Sentecting

## At # 25

loss for Guerda Dominique Alleges $70,000.00 loss this Alleged loss
is unsupported by any evidence and may Contain INterest and
finance charges from the previous mortage she obtained for
the property further more 2B1.1 cm't victim Definition and pursuant
to 2B1.1 (A)(1) as 18usc 1344 offence refers to 2B1.1, and the offense
christisbtr Cunlate the amant of Alleged loss from the Alleged bank fraud
She is Not a Victim as she did Not Sustain any amount of the Alleged
loss from the offense and the offers was Alleged to be the Submission

(6)

of Bank loan applications

At # 26, 27, and 29

The government Alleges that Sidney Hairston, winter Gunnell and Lateef
Johnson suffered from substantial financial hardship Each of
the Aforementioned lost ownership rights (property Deed) in the property
as each of the properties associated with the above forementioned
Named person was foreclosed upon pursuant to North Carolina
State Law NC gen stat 47F-1-101 et seq as they failed
to pay the Homeowner association fees this is also stated as
a clause of the Deed of trust which was presented as Trial
Exhibits furthermore the above listed persons are not victims and
the record does not reflect how the Aforementioned persons are
Victims or how the Alleged fraud caused substantial Financial
hardship

At # 28

this statement is a duplicate of Item #19 see the above mentioned
objection for #19 it is the same for #28

At # 30

the record lacks any evidence that Blue bear properties sustained
a loss of $ 121, 843. 57 for 5213 Gable ridge Rd furthermore
this property was not owned by or under the custody or controll of
a finicial institution the property was under the custody and

Control of the company that the property was deeded to and under
the control of the trustee listed in the deed of Trust or any
subsutere trustee as this is stated in the deed of trust
presented in the Exhibit presented at trial therefore the Elements
of 18 USC 1344 Bank fraud was not met and no evidence has
been submitted to sustain this claim


at # 31
Alleged lost of $57,031.69 was repaid in full in 2018 there
is no evidence to support this Alleged loss


At # 32
No evidence to sustain this alleged loss. No proof that FNT
is a finicial institution, or proof this company was granted
any benificial intrest in the Deed of Trust by an assignment
or proof this company is currently the owner of any benficial
intrest No proof that FNT suffered from the potiental loss
of $50,000.00


At # 34
No proof of Evidence is on the record that movement Mortgage ("MM")
was required to Repurchase the loan further more the record does not
contain evidence that "MM" is a finical institution that held a
Benificial intrest in the Deed of trust. In the orginal Judgment

the court Awarded "MM" $24,306.45 which Said amount was not
Supported by evidence as there was No proof the loan was
repurchased and sold by "MM" for a loss

At # 35
Select Servicing, Fenil shah, and any additional Alleged victims
are not victims as the record lacks evidence to Sustain
this claim

At # 34
- BB&T - repaid in full In 2018 before resentencing
- Sun trust - repaid in full In 2018 before resentencing
- Guerda Dominique Not victim of the offense charged see ussg
  2B1.1 Application Note for "victim"
- Capital Bank - repaid in full in 2018 before Re Sentencing
- Winter Gunnell, Lateff Johnson, and Sidney hairston lost there
  home to the HOA foreclosure Sell and therefore lost the deed of to the
  house and any and all interest in the property including any and all
  equity and subsequently they are Not victims as they did Not
  Sustain any loss See USSG 2B1.1 Application Defition for "victim"
- Blue Bear properties Not victim see 2B1.1 Defition for "victims"
- Fidelity National tithe, Movement mortgage, No proof Companies
  are financial institutions, No proof of any Sustained loss, No
  proof Companies are or have a beneficial interest in the Deed
  of trust pursuant to an assignment of Deed of Trust or proof

that the company currently owns a benifical interest in the
deed of trust

Deutsche Bank alleged loss Includes forbiden fees as stated
on the record by the Attorney that represents Deutsche furthermore
this entity is Not a Victim, No proof of any Substained loss,
No proof Company have a benifical intrest in the Deed of trust
pursuant to a assignment of Deed of trust or proof the Company
currently owns a benifical interest in the deed of trust
The amount of the Actual or reported loss shall be $0.00 as
counts 8-10 the Alleged victims are not victims and for
Counts 1-7 the loans were repaid infull before Sentencing
any estimate of loss Not supported by any evidence cannot
be reasonable


At # 39, 47, and 48
Motions for Appropriate relief are pending as they (convictions)
were obtained in violation of the right to Counsel see
United States v. Bowling 4th cir 2014 where the court held
" Bowling asserts he did Not " knowingly, inteligently and
unequivocally waive his right to Counsel [,] " a defendant
generally may not collaterally attack prior Convictions used
to enhance his Sentence united States V. Bacon 94 F.3d
158, 162 4th cir 1996) To be sure the Supreme court
held in Custis v. united States 511 us 485, 48 (1994)

that Convictions obtained in violation of the right to Counsel
fall outside the general rule. MR. Earquhart did not appear in
court to plead guilty and MR. Earquhart has never signed any
plea therefore the pleas were entered without MR. Earquharts
Consent furthermore MR. Earquhart did not knowingly, inteligently
and unequivocally waive his right to counsel Therefore Counsel
at record for the charges MR. Earquhart was convicted of would
have to have appeared in court with MR. Earquhart which did not
happen as MR. Earquhart has never appeared in court to plea
to any of the Alleged convictions. His Criminal History does
not Accurately reflect his proper Catrgory. His correct
Catrgoy is la level O as he does not have any criminal
Convictions that he can be enhanced for

#74
The property was foreclosed upon as MR. Earquhart was arrested
for the instant offense and unable to make payments, The
property was sold by the trustre listed within the Deed
of trust for Obit loan count 2 of the Supersedires
indictment

At #80 ussg 2B1.1 (B)(1)(I)
The loss must be reduced to the amount of funded loans for counts
1-7 $184,987 and subsequently that amount must be reduced to
0.00 as the funds were repaid before res-entricing

Pg 11

At # 81  2B1.1 (B)(2)(A)(iii) And # 84 2B1.1 (B)(16)(B)
the enhancement is mis applied because the homes of count 8-16
were not under the custody or controll of a finincial institution
and the Alleged Victim's that are Alleged to have suffered
finanvial hard ship are not victims. furthermore there was
no possession of a dangerous weapon including a firearm
invlaved in the connection with the Alleged offense

furthermore A threshold issue is which Guidelines version applies
The court must use the version effective at sentencing unless
this would cause an ex post facto violation; If so the court
must use the version in effect when the offense was committed
USS G 1B1.11(A), (B)(2). The Court must apply the same version
in its entirety but also "Consider subsequent amendments" that
are "Clarifying" and not "Substantive Changes" Id 1B1.11
(B)(2) Earquharts Alleged scheme ended in 2015 (may 2015). the 2018
current guidelines are in effect at this time Because applying
the 2018 Guidelines would cause a ex post facto violation
the Court must apply the 2013 Guidelines as the alleged
offense was completed in May 2015 and the 2013 guideline were
in effect in the 2013 guideline there were no enhancement for
"Substantial financial hardship" And "possession of a dangerous
weapon including a firearm in Connectvans with the offense"
and the 2018 Guidelines Do not make these enhancemt's retroactive

Pg 12

At # 82 ussg 2B1.1 B)(9)(B)

the enhancement is misapplied as MR. Earguhan gave correct
information during the Bankruptcy Proceeding the government points
to MR. Earguhant's Alleged Statements Alleging that he provided fraudulent
information related to his income and assets and that he showed
involment in the transaction related to 5213 Gable ridge in Holly
Springs North Carolina the government also points out that MR. Earguhant
Made 1,304,804.71 from realestate transactions However MR. Earguhant
disclosed this information to his Bankruptcy counsel and his counsel
failed to Inform the bankruptcy cust however at the time the
Bankruptcy petition was filed the information was correct and the
record does not provide any proof that the petition contained
any fraudulent information the enhancement is unwarranted and any
statement made to the bankruptcy court was never made with
intent to defraud or with fraud furthermore MR. Earguhant's failure
to provide additional information to the Bankruptcy court resulted in
Ineffitive assitance of counsel and MR. Earguhant Can not be held
liable for his Counsel inactions

At # 83 assy 2B1.1 (B)(10)(C), # 84 ussg 2B1.1 (B)(11)(A)(ii), and # 85
ussg 2B1.1 (B)(16)(B), and 88 3C1.1, and # 87 3B1.1(C)
these Enhancements are misapplied as they are specific
offense characteristics for Counts 8-10 and the
Homes of Count 8-10 were not owned under the custday
or controll of a finical Instution and therefor the courts of

8-10 of the superseding indictment failed to state an offense against the laws of the united states. The homes were under the custody and control of The trustee listed within the deed of Trust as they held the power of Sale, and MR. Earquhart company held Equitable title to each property the Bank that loaned the money to purchase the house never held legal or equitable Tittle (Deed) or legal title (power of Sale) the controlling laws for the Deeds of trust are North Carolina Statutes

NC gen Stat 39-67 Construction of Conveyances to or by trust 39-6.7 (A) A Deed, will, beneficiary designation or other instrument that purports to convey, devise or other wise transfer any ownership or security interest in real or personal property to a trust shall be deemed to be a transfer to the trustee or trustee or that trust.

Deeds of Trust give the right to foreclose under a power of Sale and is enforceable according to its terms see in re clayton --- N.C App at ----, 802 S.E. 2d a 924 (" The right to foreclose exists if there is competent evidence that the terms of the Deed of trust permit the exercise of the power of Sale under the circumstance of the particular Case") (internal marks and citation omitted)

P 14

The government therory at trail was that the houses of count 8, 9, and 10 was that the propeoty was owned by or under the custody or control of a finicial institution when in fact North Carolina law and the Deed of trust presented as Trial Exhibits by the government for said counts contridicted NC law statutes and the trustors intent stated within the Deed of trust MR. Earquharts Contrary to NC State law Convictions affect the foregoing

at #78
the conviction for 18usc 1028A(A)(1) the 2yR Active sentence is unwarrantel as this conviction is associated with counts 8-10 which are convictions Contrary to law as the properties of count 8-10 were Not owned by or under the custody or Controll of a finicial intutition

at #79 1 pt Shall be deducted as the conviction for 18usc 1957 is based upon convictions of 18usc 1344 for counts 8-10 and as stated above the Security interest in the Deeds of Trust for Count 8-10 were transfered to the trustee of Each deed of trust which were not finiacial institution and the jury instructions did not charge the jury with finding the trustees to be finiancial institutions

P 15

Case 5:17-cr-00134-BR   Document 271   Filed 03/16/20   Page 15 of 30

SEE # 78, 79, 80, 81, 82, 84, 85, and 87 OBJECTIONS

At # 84 USSG 2B1.1 (B)(11)(A)(i) and (ii)

The superseding Indictment for Count 13 States in part that "the defendant Xavier Milton Eurquhart, aiding and abetting others known and unknown to the grand jury, did knowingly possess transfer, and use, and did willfully cause others persons, during and in relation to a felony violation enumerated in 18 USC 1028A (c) to wit, the felony offense identified in Count 10 herein, knowing that said means of identification belonged to J.M and A.D.M all in violation of title 18 USC 1028 A (A)(1) and (2)". The enhancement is misapplied as the PSr States " In the case-at-bar, the defendant owned and used a Notary Seal printer to forge notary signatures and Seals, and apply fraudulent notary seals to lien releases involved in the instant offense. The defendant used the identities of Nation Star employees, Justin Moon and Adrienne Danielle Meyer, and signed the fraudulent document on behalf of Moon and Meyer." The notary seal printer ("Rubber Stamp printer") is not a device making equipment pursuant to 18 USC 1029 (E)(6) as the term device-making equipment means any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device. Pursuant to 18 USC 1029 (E)(1) and (E)(2) the term access device and counterfeit mean any legitimate or counterfeit, fictitious, altered or forged card, plate, code, account number, electronic, serial number, mobile identification number, personal identification number or other telecommunications service, equipment or instrument identifies

p 16

or other means of account access that can be used alone, or in conjunction with another Access device, [to] obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument)' the Notary seals are correctly Identified by the superseding indictment as "means of Identification" as it Identifies the Notary and person who signed the lien release. further more the Notary Stamps are not a forged card, plate, code, account number, electronic serial number, mobile identification number, Personal identification number or other means of Account Access.

MR. Earquhart recived a 2 yr Active sentence for the conviction of count 13 of the Superseding indictment as he was convicted of 18 USC 1028 A (B)(2) and pursuant to USSG 2B1.6 Cmt 2 He can not recive any enhancement for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under USSG 1B1.3 (Relevant Conduct) "means of Identification" has the meaning given that term in 18 USC 1028 (D)(7) the Notary Stamps fall squarely within the meaning given that term in 18 USC 1028 (D)(7) There fore the enhancement is misapplied as the Notary Stamps "Rubber stamps" are not a Device and the rubber stamp printer is not Device making equipment further more the government failed to present any evidence to sustain a conviction for count 13 of the superseding indictment and to sustain this enhancement

P 17

At #85 2B1.1(B)(16)(B)

Because the assets aquired from the alleged fraud from counts 8-10 which include the gold that was seized the government Alleged the gun was involved in the offense however the Alleged offense of counts 8-10 were Not committed as the properties were Not under the custody or controll of a finicial institution and therefore the gun was Not involved in the Alleged offense additionaly the record does Not show a Nexus between the Alleged offense and the gun. The gun was unloaded without the Magazine, in a gated indoor climate Controlled pad locked unit. The Storage unit was Not in MR. Earquharts Name. the storage unit was Not a locastion used to hause any alleged fraud related Materials and the Storage unit was located in the State of TX and all Alleged fraud Activitys were Alleged to have taken place in the State of NC. The government aquired knowledge of Said Storage unit by way of a unlawfuly Search a Sizeure of his person and car which occured on 05-11-2017 "Date of Arrest"

At the time this Alleged fraud was Committed 2B1.1(B)(16)(B) was Not a legislated Enhancement and therefore this enhancement is Not Applicable to MR. Earquhart and Enhanceing MR. Earquhart with said Enhancement would create a Ex post facto violation

At # 87 3B1.1(C)

Robinson Did not testify that she had knowledge of Any Illegal Activity and her Actions were Not Criminal as she is Not responcable for any Criminal

Actions. the trial testimony of Ms. Robinson Does Not reflect any Nexus between any criminal Activity that Mr. Earquhart was convicted of. pursuant to 3B1.1 (C) Cmt Application Note 4 the court should consider the exercise of decision making Authority, the Nature of participation in the commission of the offense. Ms. Robinson Alleged Actions of Searching for foreclosed properties, leasing storage units, wireing money, and purchasing cashiers checks for Mr. Earquhart Are Not criminal offense's or being a participant in the commission of offense's Mr. Earquhart was convicted of in Error and She does not qualify as a participant as her actions did Not fitilate the alleged crimes and furthermore counts B-10 of the superseding indictment the homes were Not owned by or under the custody or control of a financial insturon the enhancement is unwarranted.

At# 8B 3C1.1

The District court did Not find the Alleged Statements of Mr. Earquhart as materiality or to be perjurious

Its Alleged Mr. Earquhart provided false financial information during his pretrial Services interview on May 11th 2017 and June 9th, 2017

The government Alleyes that Mr. Earquhart was advised by the US probation office that providing false information during a pretrial services interview was a separate crime and could be used to deny his release before trial or increase his Sentence if he Convicted

MR. Earquhart requested counsel to be present at both interviews however counsel was not appointed untill after the pretrial interview was conducted on both dates

MR. Earquhafts Alleged statement were not made with willful intent to deceive. MR. Earquhart Alleged statements were uncounseled and anything that he may have said when interviewed by probation for the creation of the pretrial services report was not material to the Alleged offense and was not done willfully with the intent to deceive

During each pretrial services interview MR. Earquhart was entitled to have counsel present which he was deprived of that constitutional right even if MR. Earquhart disclosed a different income amount there was a forfeture count in the indictment. If counsel was present counsel would have instructed MR. Earquhart not to answer any questions regarding income

p 20 The government has cited united v. Savage 885 f.3d 212 (4th cir 2018) as additional basis of Authority to apply the 3C1.1 Enhancement but failed to state in its argument the Savage court also Held the sentencing court also "must specifically identify the perjurous statements and make a finding either as to each element of perjury or that encompasses all of the factual predicates for a finding of perjury" united states V. AKINKOYE, 185 F.3d 192, 205 (4th Cir 1999) (quoting united states V. Gordon, 61 F.3d 263, 270 4th Cir 1995)) ; see also Dunnigan, 507 US. at 95, 113 S.ct 1111

(providing an example of acceptable specificity when the court stated that "the defendant was untruthfull at trial with respect to material matters" and that this case"). "[t]hose calls should be resolved in favor of extending deference to the trial court[s] where they hold the institutional advantage" United States v. Andrews, 808 F. 3d 964, 969 (4th Cir 2015) (quoting Miller v. Fenton, 474 U.S 104, 114, 106 S. ct 445, 88 L. Ed. 2d 405 1985) Held at United States v. Savage, 885 F. 3d 225 (4th Cir 2018) In the instant case the Enhancement is misapplied as the alleged financial information was not made under oath which the 18USC 1621 perjury statute requires as an element. The enhancement is unwarranted as the district court failed to specifically identify the perjurious statements and make a finding either as to each element of perjury or that encompass all of the factual predicates for a finding of perjury. In addition to the above stated reasons the enhancement furthermore does not apply as the alleged finical statements Did not relate to the defendants offense of conviction and any relevant conduct, or a closely related offense therefore the Enhancement is not Applicable

## at # 83

The government's statements During trial was that any one could look up the Deed information, print deeds, and file them simply from a cell phone the govant repated this to the jury over and over and over. the enhancement is unwarranted as the case revolves around Mr. Earquhart Alleged activity of filing false documents the case does not envolve hiding assets or transactions or complex or especially intricate offense Conduct pertaining to the execution or concealment of an offense Therefore the enhancement is unwarranted

Supervised release objections

Pursuant to 18usc 3583 (A) the court in imposing a sentence to a term of imprisonment for a felony or a misdemeor may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court Shall include as a part of the supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561 (B) [18usc 3561 (B)] MR. Earquhart hereby objects to any term of supervised release after imprisonment and pursuant to 18 usc 1344, 18 usc 1028 A (A)(1) and 18usc 1957 congress has not required any supervised release after imprisonment. furthermore MR. Earguhart was sentered to 32 year of Imprisonment and the court of appeals has vacated his sentence furthermore MR. Earguhart was enhanced with many enhancements that are not applicable to him or his case and has also been placed in the wrong criminal history category without the improper specific offense characteristic Enhancements MR. Earguhart would have a guide line offense range of 4 to 12 months MR. Earguhart has been incarcerated as of this day for 35 months he has served a minimum sentence of 4 to 8 times, programed, and has Been free of any disciplinary reports / infractions, supervised release is unwarranted and for the above stated reasons MR. Earguhart hereby objects to any term of probation / supervised release

p28

Restitution Objection

MR. Earquhart, hereby objects to any restitution that may be ordered as the
alleged victims of counts 1-7 include BB&T, suntrust, and Capital Bank
have been repaid before resentencing by way of the property at
2732 Knowles Street, Raleigh NC being forclosed on and sold for
116,000.00 furthermore suntrust was paid infull before MR. Ferquhart
was indicted and the alleged victims of counts -8-10 the governmet
failed to meet the burden of proof the the Alleged victims were
financial institutions and that the real property of counts
8-10 was not "owned by or under the custody or control
of a financial institution pursuant to NCgs 39-6.7 (A)
which states

" A deed, will, beneficiary designation, or other instrument
that purports to convey, devise, or otherwise transfer any
ownership or security interest in real or personal property
to a trust shall be deemed to be a transfer to the
trustee or trustees of that trust

Therefore the properties of Count 8-10 were owned by the
trustee of the trust. The government also proved this a trial
with the governmts witness "MERS" and the Deed of Trust
presented by the governmnt

Any restitution is unwarranted and objected to

Objection to Venue and subject matter jurisdiction, and legislative jurisdiction on Counts 1-7 of the supersedey indictment the government failed to prove venue for these court the evidence presented by the government shows that the alleged conduct of MR. Earguhart was conducted outside of the Easterndistrist of North Carolina. Counsel for MR. Earguhart moved for a oral 2nd motion which was subsequently denied.

The government failed to prove Subject-Matter jurisdiction for all courts MR. Earguhart Moved to dismiss the Indictment pursuant to Fed R crim p 12(B)(2) The government failed to prove Jurisdiction Before, during, and after Trial which Deprived MR. Earguhart to Be deprived of his Constitutional right of Due process. further more Courts 8-10 the property was Not under the custody or controll of a finivical institution and the property was Not owned by a finivical institution Subsequently Courts 11-13 must be dismissed as a matter of law

Pg 24

Objection to forfeiture order
Pursuant to 18 usc 982 (A)(2) the court in imposing Sentence on a person convicted of a violation of 18usc 1344 affecting a financial institution shall order, the person forfeit to the united States any property

Constituting, or derived from Proceeds the person obtained directly
or indirectly as the result of such violation.

Pursuant to the Forfeiture Notice of the superseding indictment the United
States of America, Sought Mr. Earquhart to forfeit any property
Constituting or, derived from the gross proceeds obtained, directly
or indirectly as a result of the said offenses including but
not limited to:
(A) $1,304,804.71 Constituting the gross proceeds of the
Charged offenses;
(B) $291,903.31 in Gold Bullion Cans and
(C) Recording Studio Equipment,
A. 2 Genelec 8351 Apm Monitors
B. 1 Genelec 7360 Apm Smart Active Sub
C. 1 GLM Loud Speaker Manager V2.0
D. 1 Sony G800 - PAC
E. 1 SSL Aws 948 Demo, SN 4237

The Congressional intent of Forfeiture is limited to
Property constituting or derived from proceeds the person
obtained directly or indirectly as the result of such
Violations - All of the aforementioned Items the Government
Seeks as forfeitable property are alleged to have been
obtained from counts 8-10 of the superseding indictment however

the government has misapplied the title 18 usc 1344(2) statute to Mr. Earquhart's Alleged conduct as the essential elements of 18 usc 1344(2) is that the victim must be a "financial institution". The Government failed to meet the burden of proof that the Alleged victim was a financial institution and therefore, the essential element of 18 usc 982 A(2) has not been met as the alleged violation of 18 usc 1344 did not affect a financial institution and therefore, the court lacks subject matter and legislative Jurisdiction to enter a order for forfeiture.

Pursuant the united states of America court of appeals for the fourth Cir in case no. 18-4471 united states of America V. Xavier Earquhart " The court erred in treating the $ 1,304,804.71 in proceeds from the home sales as receipts "derived from a financial institution" "The proceeds from the home sales come not from the lien holder, but from third party purchasers"

The government alleged that Mr. Earquhart used $ 1,304,804.71 in proceeds to purchase the aforementioned property and other items seized from Mr. Earquhart and in the possession of the government however, the Alleged proceeds and property are Not forfeitable to the united states as they were not Constituted or derived from proceeds obtained directly or

indirectly as the result of the alleged offense of
18 usc 1344(2) for counts 8-10 of the superseding
indictment.

Furthermore the government argued that by filing the
fraudulent SOSI's which made it appear as though
the properties were free and clear of encumbrances
Farquhart "stole collateral" that was owned by or
under the custody or control of a "financial institution"
Brief for the united states at 20 Farquhart then
A successfully acquired $1,304,804.71 in proceeds
by selling "the homes to the third party purchasers"
United States v. Xavier Farquhart 4th cir court of
Appeals Case No 18-4471

According to the testimony of one lienholders representative
although Earquharts conduct created a "cloud on the
title" the lienholder still held a security interest
in the subject property and could collect monthly payments
or initiate foreclosure. The mortgage of the same
property similarly testified that he had not been
excused from his obligation under the mortgage and
had never stopped making monthly payments on

office of another entity listed in the PSR as one of the Affected lienholder - testified that his company had sold its interest in the property years before Farquharts offense

For the aforementioned Reasons the court lacks subject matter and legislative jurisdiction to enter any forfeiture order against Mr. Farquhart. The court must as a matter of MR. Farquharts Constitutional rights enter an order to return MR. Farquhart property otherwise MR Farquhart's 4th Amendment Constitutional Rights will be Violated as he is guaranteed the right to Be Secure in his person, house, papers, and effects against unreasonable searches and seizures and his 8th Amendment Constitutional right will be Violated as he is guaranteed to be protected against Cruel and unusual punishment

Respectfully Submitted

Xavier Milton Earquhart

This 9th day of March 2020

In propria personce

Sui Juris

099606087

801 Industrial Park Rd

farmville VA 23901

Certificate of Service

The undersigned hereby certify under penalty of perjury
that on this date a copy of " Notice of filing of Additional
objections to presentence Report and presentment of Information
to mitigate Sentence Imposed pursuant to Fed R Crim
P 32 and Certificate of Service pursuant to Fed R Crim
P 32 (F)(2) has been served on the forgoing persons
at the foregoing address by placing said documents in a
properly addressed envelope and placing said envelope
in the hands of the Piedmont Regional Jail Staff
with postage prepaid by the undersigned with First class
postage

Case 5:17-cr-00134-BR  Document 271  Filed 03/16/20  Page 29 of 30

United States Attorney's office
310 Newbern Ave
STE 800
Raleigh NC 27601

US Probation office
2 princess St
Wilmington NC 28401

US District Court EDNC
310 Newbern Ave
STE Raleigh NC 27601

AA
I miss you
Beautiful you, your You
Important and your very
You must wea
In and Being
and your Suf
Always do
Your Best
AA
You

Xavier Dad
Earquhart

Pg
30

Respectfully Submitted
Xavier Milton Earquhart
This 9th day of March 2020
In propria personei
Sui Juris
#0991006087
Piedmont regional Jail
801 Industrial Park Rd
farmville VA 23901