In the United States District Court
For The Eastern District of North Carolina
Western Division

I love you forever baby sweet love Bad!!

No. 5:17-CR-134-BR(1)

| United States of America | Ex-parte Emergency Motion to Dismiss the |
| Plaintiff | final order of forfeiture pursuant |
| | to NCGS 39.6.7, NCGS 39A-2(1), and |
| Vs | Fed R Crim P 12(B)(2) and return any |
| | and all Seized property and legitimate |
| Xavier Milton Earquhart | Non forefitible and untainted funds |
| Defendant | to obtain counsel of his choice or in the |
| | Alternative request for evidentiary hearing |

Comes Now Xavier Milton Earquhart In propria persona sui juris defendant in error hereinafter "Mr. Earquhart" to move this Honorable Court to Dismiss the final order of forefiture pursuant to Fed R Crim P 12 B 1½ 2 and return any and all seized property and legitimate Non forefitable and untainted funds to obtain counsel of his choice pursuant to Fed R Crim P 41(G) as the court lacks subject matter and legislative jurisdiction to seize any property of Mr. Earquhart in connection to the alleged violations of count 8 through 10 of the superseding to wit 18 USC 1344 (2) Mr. Earquhart Now shows the following

pg 1 of 16

On or about Dec 2, 2019 the United States Court of Appeals for the fourth cir vacated the sentence and remanded the case to the instant court.

The instant motion can be granted as the court has jurisdiction to rule upon the merits of the instant motion pursuant to Fed R Crim P Rule 12 B 1;2 which states "Motions that may be made at any time. A motion that the court lacks jurisdictions may be made at any time while the case is pending"

Final judgment in the instant case has not been entered as of this date

Pursuant to 18 USC 982(A)(2) the court in imposing sentence on a person convicted of a violation of 18 USC 1344 affecting a financial institution shall order that the person forfeit to the united States any property constituting or derived from proceeds the person obtained directly or indirectly as the result of such violation

Pursuant to the forfeiture notice of the superseding indictment the United States of America sought Mr. Earquhart to forfeit any property constituting or derived from the gross proceeds obtained directly or indirectly as a result of the said offense including but not limited to:

(A) $1,304,804.71 constituting the gross proceeds of the charged offenses;

(B) $291,903.31 in Gold Bullion Coins and

(C) Recording Studio Equipment
A. 2 Genelec 8351 Apm Monitors
B. 1 Genelec 7360 Apm Smart Active Sub
C. 1 GLM Loud Speaker Manager V2-0
D. 1 Sony C800 - pac
E. 1 SSL AWS 948 Demo SN-sws 4237

The congressional intent of forfeiture is limited to property constituting or derived from proceeds the person, obtained directly or indirectly as the result of such violations. All of the Aformention

Pg 3 of 16

items the government sought as forfeitable property are alleged to have been obtained from counts 8 through 10 of the superseding indictment however the government has misapplied the title 18 USC 1344(2) statute to Mr. Earquhart's Alleged Conduct as the essential elements of 18 USC 1344(2) is the "property is owned by or under the custody and control of a financial institution" By means of The government failed to meet the burden of proof that the Alleged Victim was a financial institution and therefore the essential element of 18 USC 982 (A)(2) has not been met as the Alleged violations of 18 USC 1344 did not affect a financial institution and therefore the court lacks subject matter and legislative jurisdiction to enter a order for forfeiture

On or about 2-22-2018 a 13 count superseding indictment was handed down against Mr. Earquhart the superseding indictment charged Mr. Earquhart with Bank fraud in violation of 18 USC 1344 for counts 1-10 Engaging in Monetary Transactions Involving Criminally Derived Property in violation of 18 USC 1957 and Aggravated Indentity theft in violation of 18 USC 1028 A (A)(1) the

Pg 4 of 16

superseding indictment that the property was subject to forfeiture as proceeds of MR. Earquhart Alleged Bank fraud and money laundering violations

MR. Earquhart has filed the instant motion to move the court to Dismiss the final order of forfeiture pursuant to fed R. Crim p. Rule 12B _____ and return any and all seized property and legitimate non forfeitable and untainted funds to obtain counsel of his choice or in the Alternative request the court to grant on Evidentiary hearing to determine if the seized funds and or property should be released so that MR. Earquhart can retain counsel and pay defense cost

The government seized all of MR. Earquhart's substantial assests in 2018 which has prevented him from using his own legitimate assets to fund his criminal defens MR. Earquhart has a Sixth amendment right to use his legitimate property to hire the Attorney of his choice and he has been deprived of that right without a meaningful opportunity to be heard in violation of the due process clause

Pg 5 of 16

The Supreme court has made clear that a Criminal defendant has No sixth amendment right to use illegally obtained funds to hire an attorney. In Caplin & Drysdale v. United States, 491 US 617 (1989) the court concluded that any Sixth Amendment right to obtain counsel of choice does not extend beyond the individuals right to spend his own legitimate Nonforeitable assets. Caplin 491 us at 624-33. The court explicitly rejected" any Notion of a Constitutional right to use the proceeds of crime to finance an expensive defenso" Id at 630 109 S.ct 2646

For the foregoing reasons Mr. Earquharts legitimately Non foreitable and untainted funds and property wrongfully seized

1. The superseding Indictment ("charging instrument") which alleged at Count 8 through 16 Violation of 18 USC 1344 (2) The charging Instrument Asserts and alleged that Mr. Earquhart executed and attempted to execute the scheme and artifice in that he caused foreclosed properties to be sold to a victim buyers through holding compaines when in fact the victim lien holders where financial institution

Pg 6 of 16

as defined in 18 USC 20 Maintained lien(s) that were extinguished by means of a fraudulent statisfaction as it is alleged that Mr. Earquhart Caused fraudulent satisfaction(s) of security instruments to be filed and recorded by the register of Deeds office it is further alleged the fraudulent satisfaction purported to extinguish any claim to the Foreclosed property by the victim lien holder

Mr. Earquharts property and funds were unlawfully seized as the record reflects by and through the Deeds of trust and the sworn testomony of william hultman vice president of Mortgage Electronic Registration System which both were entered as trial Evidence proves that the subject property was not owned by or under the custody or control of a finical instution Each deed of trust reyarding Counts 8 through 10 of the Charging Instrument were created and Established pursuant to North carolina State law to wit NCGS 39-6.7 and NCGS 39A-2(1)

Purswant to North Carolina general Statute 39-6.7(A) Construction of Conveyance to or by trusts A deed will, beneficiary designation or other instrument that

Pg 7 of 16

purports to convey devise or otherwise transfer any ownership or security interest in real or personal property to a trust shall be deemed to be a transfer to the trustees or trustee of that trust

The following Language is included under the provision of Each deed of trust titled "Transfer of rights in the property" Borrower Irrevocably grants and Conveys to trustee and trustees successors and assigns in trust with power of Sale to the following described property located in the County of (county name) legal Description attached hereto and made a part here of which currently has a address of (property address) North Carolina (zip code) to have and to hold this property unto trustee and trustees successors and assigns forever together with all the improvements now or hearafter erected on the property and all easements appurtenances and fixtures now or hear after a part of the property

Pursuant to NCGS 39A-2(1) a "transfer" is the Sale, gift, Conveyance, assignment inheritance, or transfer of an ownership interest in real property

Pg 8 of 16

located in this state According to each Deed of trust the "Borrower Irrevocably grants and conveys to trustee and trustees successors and assigns in trust with power of sale to the following described property"

Pursuant to North Carolina Statute 39.67 and 39A-2(1) The Borrower of each deed of trust conveyed the power of sale and the property to the trustee and trustees Successors and assigns and therefore the property was under the Custody and control of the Trustee and the property intrest and power of Sale granted to the trustee was owned by the trustee listed with in each Deed of trust presented as trial evidence to Convict MR. Earquhart

The trustee listed within each deed of trust were human beings acting in the capacity of the standing trustee for Each Deed of Trust or A limited liabity companies "LLC" MR. Earquhart excerised his right to go to trial and subsequntly the jury instructions for Counts 8-10 the jury was not charged to find that the trustee of any deed of trust were finanical instution within the meaning of 18 USC 20 Since the borrower

Pg 9 of 16

of Each deed of trust conveyed the property and power of sale to trustee and therefore no offense was committed against the United States of America

W. Earl Britt held in the Sutterland v. Wells Fargo bank N.A (EDNC 2013) case legal tittle to the property remains in the trustee see Sprouse V. N. Rivers Ins Cv., 344 S.E 2d 555, 559 (NC Ct App 1986) and ("The deed of trust results in legal title to the property being in the trustee")

The principles governing the construction of Deed of Trust instruments are well established in North Carolina in construing a deed of trust a court must consider the language and terms of the instrument as a whole the rule of construction is that recognition shall be given to the to the expressed intention of the parties to a deed or other conveyance and that it shall be construded as to effectuate the intent of the parties

A deed of trust is an instrument in use in some states taking the place and serving the use of a mortgage by which the legal title to real property

pg 10 of 16

is placed in one or more trustees to secure the repayment of a sum of money or the performance or other conditions through difficulty in form from mortgage it is essentially a security Blacks law Dictionary Abriged Sixth Edition (Centennial Edition (1891-1991 pg 286)

Power of Sale — A clause commonly inserted in Mortgages and deeds of trust, giving the mortgagee (or trustee) the right and power, on default in the payment of the debt Secured to advertise and sell the mortgaged property at public auction (But without Resorting to a court for Authority) Satisfy the creditor out of the net proceeds convey by deed to the purchaser, return the surplus if any to the mortgagor and thereby divest the latters estate entirely and without any subsequent right of redemption (Id pg 812)

Pursuant to NCGS 39-6.7 and 39A-2(1) Each Deed of trust used to convict Mr. Earquhart legal title and the power of Sale was " Irrevocably granted and conveyed to the trustee and trustees successors and assigns in trust with power of Sale" for each property in

Pg 11 of 16

Case 5:17-cr-00134-BR   Document 281   Filed 05/07/20   Page 11 of 16

Count 8 through 10 of the superseding indictment and therefore the propertys were not owned by or under the custody and controll of a fininical institution as a essentual element of the 18USC 1344(2) Bank fraud Statute and therefore the court lacked jurisdictuon to seize Mr. Earquharts funds and property

Mr. Earquhart has proceeded to trial with incompetent counsel and subsequently was found guilty on all charges Mr. Earquhart filed a direct appeal and won the court of appeals vacated and remanded his case however Mr. Earquharts trial counsel has been reappointed and said counsel has made many errors during and prior to the start of his trial said counsel has also failed to provide any services upon Mr. Earquhart case being remanded and counsel being reappointed The Emergencey motion for continuance of sentencing and appointment of new counsel and the complaint Mr. Earquhart filed with the American bar Association shows that upon remand counsel has failed to object to the rough draft PSR within the time allotted by Statute; counsel refuses to contact Mr. Earquhart despite the request made by usps mail

Pg 12 of 16

and Email she has failed to provide him with legal papers necessary to mitigate the sentence that may be imposed upon resentencing In 2018 counsel of record made many remarkable Errors which Include but are limited to the following

- failed to object to the substantial financial hardship Enhancement said enhancement was Inacted on 11-1-2015 Mr. Earquharts Alleged Criminal Activity Ended on or about August 2015 (see #2 of DE 255) said Enhancement is a Ex-post facto violation as he was sentenced under the 2016 guideline

- failed to file motions to dismiss pursuant to fed R Crim p 12 (B)(3)(B)(V) NCGS 39-1e7 and NCGS 39A-2(1) count 8-10 said counts exposed Mr. Earquhart to sever enhancements which Increase his sentence Exposure from 1-12 months to 384 months said state statue controls the factors of count 8-10 as the alleged violations deal with North Carolina Real estate Conveyances

pg 13 of 16

- failed to object to the flawed jury instructions for counts 1-10 (Bank fraud 18usc 1344) as the scope of "Scheme or Artifice" was defined beyond the Supreme court case "Skilling v. United States" (2010) in said case the court limited the term to Include Bribery and Kick back and MR. Earquhart was not indicted for either

- failed to object to prohibited amounts included in the restitution order pursuant to ussg 2B1.1 cmt 3(D)(i) requested by Duetsche Bank in the Amount of $121,566.93 and the full amount was granted This fee included lawyers fees and other prohibited fees

MR. Earquhart and court appointed counsel of record has blatantly disregarded MR. Earquhart request to five motions and provide him with legal material that are necessary for him to Allocuit at sentencing in his best interst and provide him with effective assistance and there fore has caused Irreconcilable differences the relationship between MR. Earquhart and counsel of record has entirely broken down as counsel has willfully failed to represent his interests adequately

Without the numerious Errors counsel made Mr. Earquhart would not have been subjected to a 384 month sentence It is in Mr. Earquhart's best intrest to hire counsel that is not compensated by the plaintiff which also happens to be a Conflict of intrest if the court fails to grant the instant motion Mr. Earquhart will further suffer prejudice Mr. Earquhart counsel has disclosed to him that she lost her mother between Feb — April of 2020 and prior to that and up untill this point her performance has been below Compitent standerds and the Death of her mother subjects her to mental and emotional anguish and the possibility of her continuing to provided less then accetable Effectweness legal reprensentation

Because the Elements of Count 8 through 16 were not pursuant to NCGS 39-6.7 and 39A-2(1) which controlls North Carolina Realestate Conveyances Therefore Counts 8 through 16 failed to state an offense against the united states of America and Mr. Earquhart property and funds were seized in Error

Respectfully Submitted
This 4th Day of May, 2020
In propria persona sui juris
Defendant
# 0996 0687
Xavier Milton Farquhart
801 Industrial park Rd
farmville VA 23901

AA Dad loves you now and forever!

pg 16 of 16