IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-134-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| XAVIER MILTON EARQUHART | |

This matter is before the court on defendant's recent *pro se* motions. (DE ## 277, 280, 281, 284.)

As the court has repeatedly recognized, because defendant is represented by counsel, the court need not consider his *pro se* motions. (See, e.g., DE ## 247, 252.) The court recognizes that in an earlier motion defendant requested appointment of new counsel and defense counsel filed a motion to withdraw.[1] Even so, the court is not obligated to consider defendant's *pro se* motions while he remains represented by counsel, see United States v. Carranza, 645 F. App'x 297, 300 (4th Cir. 2016) ("A criminal defendant has no statutory or constitutional right to proceed pro se while simultaneously being represented by counsel." (citation omitted)), and the court could deny defendant's motions on this ground alone. However, even assuming defendant was not represented by counsel, the court concludes his recent motions should be denied.

First, defendant filed a motion seeking release pending his resentencing, (DE # 277), which is currently scheduled for September. Specifically, defendant argues he should be released because he has underlying medical conditions which make him particularly susceptible

---
[1] Both motions are set for hearing in August.

to severe illness if he contracts COVID-19 and because there are release conditions the court could impose to ensure that he would not flee or pose a danger to the safety of the community. (See id. at 9-14.) The government opposes defendant's release, arguing he has not satisfied his burden because he has been convicted of sophisticated financial crimes and his sentencing guideline imprisonment range approximates 30 years. (Resp., DE # 279, at 2-3.)

Having been convicted of multiple offenses, defendant is being detained under 18 U.S.C. § 3143(a)(1). That section mandates detention pending sentencing, irrespective of the offense of conviction, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community."[2] 18 U.S.C. § 3143(a)(1). Defendant bears the burden of overcoming this presumption of detention. United States v. Johnson, No. 7:10-CR-00093-BR, 2011 WL 861109, at *2 (E.D.N.C. Mar. 9, 2011), aff'd in part, vacated in part, 480 F. App'x 186 (4th Cir. 2012); see also Fed. R. Cim. P. 46(c). The court considers the following factors in determining whether there are conditions of release that will assure defendant's appearance in court and the safety of others and the community: "the nature and circumstances of the offense charged"; "the weight of the evidence against the person"; "the history and characteristics of the person"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Setting aside the COVID-19 related considerations, little has changed since 2018 when the jury found defendant guilty of all charges. Defendant now offers his mother as a proposed

---

[2] In addition to arguing he meets the requirements for release under § 3143(a)(1), defendant contends he should be released based on "exceptional reasons" under 18 U.S.C. § 3145(c). (See Mot., DE # 277, at 10-12.) However, that section "does not apply to defendants (like Defendant) who are subject to detention under section 3143(a)(1), because Section 3145(c) applies to (and only to) a defendant subject to detention pursuant to section 3143(a)(2) or (b)(2)." United States v. Rucker, No. 3:18-CR-00189, 2020 WL 3035917, at *3 (M.D. Tenn. June 5, 2020) (internal quotation marks and citation omitted). Therefore, defendant is not required to show exceptional reasons justify his release.

2

third-party custodian (as an alternative to his brother, who the court considered when defendant was initially detained and on appeal from the detention order). (See Mot., DE # 277, at 12.) Defendant also represents that during his entire period in custody—three years—he has not incurred any infractions. (Id. at 11.) Even accepting this representation as true and assuming defendant's mother is a willing and acceptable third-party custodian, other factors weigh heavily against defendant's release.

Defendant, who is 33 years old, faces a potentially lengthy sentence of imprisonment. Although the offenses defendant committed were non-violent, they were sophisticated, involved false identities, and resulted in more than $1,500,000 in loss to the victims. Prior to these offenses, defendant had been convicted of 12 felonies, including controlled substance offenses. (See Revised PSR, DE # 255, at 10-13.) More than once, his probationary sentence was revoked for absconding from supervision. (Id. at 12.) Also, defendant failed to appear in state court three times. (Pretrial Services Report, DE # 17, at 7.)

The COVID-19 pandemic, particularly its spread within the prison system, is of concern to the court. According to defendant, he has asthma and is severely obese. (Mot., DE # 277, at 7.) With these underlying medical conditions, defendant "might be at higher risk for severe illness from COVID-19." Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 9, 2020). The court considers this fact as part of defendant's characteristics. See 18 U.S.C. § 3142(g)(3)(A) (recognizing the history and characteristics of a person include the person's physical condition). Nonetheless, considering all the factors under § 3142(g), the court concludes defendant has not met his burden to show by clear and convincing evidence that he is

3

Case 5:17-cr-00134-BR   Document 285   Filed 06/16/20   Page 3 of 6

neither a flight risk nor a danger to the community. The court will not order his release pending resentencing.

Next, defendant filed a motion to vacate Counts 8 through 13. (DE # 280.) Those counts charged defendant with bank fraud (Counts 8-10), engaging in monetary transactions involving criminally derived property (Counts 11-12), and aggravated identity theft (Count 13). Defendant contends those counts should be dismissed because the court lacks subject matter jurisdiction. (Id. at 1.) According to defendant, the victim lienholders alleged in the bank fraud counts were not financial institutions, as the bank fraud statute, 18 U.S.C. § 1344(2), requires, but were trustees (i.e., persons or limited liability companies), as evidenced by trial testimony and exhibits. (See id. at 2-6.) Presumably, defendant contends the validity of his convictions on Counts 11 through 13 depends on the validity of his bank fraud convictions. (See id. at 1, 6.)

The offenses charged in Counts 8 through 13 are federal offenses, and this court possesses subject matter jurisdiction over their prosecution. See United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006) ("Subject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231."). Defendant's challenge is more appropriately characterized as one to the sufficiency of the evidence used to convict him and thus should be construed as a motion for judgment of acquittal. See United States v. Alvarez, 351 F.3d 126, 129 (4th Cir. 2003) ("A judgment of acquittal based on the insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient to establish factual guilt on the charges in the indictment." (internal quotation marks and citations omitted)). Such a motion must be filed, at the latest, 14 days after

4

the court discharges the jury. See Fed. R. Crim. P. 29(c)(1). The jury convicted defendant and was discharged more than two years ago. As such, defendant's motion is untimely.[3]

Defendant's third *pro se* motion challenges the final order of forfeiture. (DE # 281.) According to defendant, his property should not have been forfeited because the property did not constitute, nor was it derived from, the proceeds obtained as a result of bank fraud. (Id. at 3-4.) Defendant again argues the court lacks subject matter jurisdiction because the government's evidence did not prove that the alleged victim was a financial institution. (Id. at 4, 7-12.)

Defendant appealed from the final order of forfeiture. In its opinion dismissing the appeal, the Fourth Circuit Court of Appeals recognized, "[E]ven though a criminal defendant may appeal a preliminary forfeiture order, he may not appeal a final forfeiture order entered thereafter." (DE # 227, at 3-4.) Because defendant unsuccessfully challenged the final forfeiture order on appeal, he cannot relitigate the issue on remand to this court.[4] See United States v. Pileggi, 703 F.3d 675, 679 (4th Cir. 2013) ("'Because this mandate rule is merely a specific application of the law of the case doctrine, in the absence of exceptional circumstances, it compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'" (citation omitted)).

Finally, defendant requests an evidentiary hearing on these *pro se* motions. (DE # 284.) The court is not required to conduct an evidentiary hearing on any of these motions. See

---

[3] As an alternative ground for not considering the motion for judgment of acquittal on the merits, the court notes that trial counsel made such a motion after the government closed its evidence, (3/28/18 Tr., DE # 181, at 199), and again after the jury rendered its verdict, (3/29/18 Tr., DE # 182, at 32-33). The court denied both motions. (3/28/18 Tr., DE # 181, at 200; 3/29/18 Tr., DE # 182, at 33.) Defendant did not raise this issue on appeal. Because this case is on remand from the Fourth Circuit Court of Appeals for resentencing only, the mandate rule bars this court from reconsidering the sufficiency of the evidence used to convict defendant. See United States v. Pileggi, 703 F.3d 675, 680 (4th Cir. 2013) ("Because the mandate rule 'forecloses litigation of issues . . . foregone on appeal,' the district court was prohibited from revisiting restitution on remand." (citation and footnote omitted)).

[4] To the extent defendant could be deemed to be challenging the *preliminary* order of forfeiture, which became final at his sentencing, the mandate rule also bars the court from reconsidering this aspect of defendant's sentence which he did not challenge on appeal. See supra note 3.

5

generally Fed. R. Crim. P. 32.2(c) (setting forth procedure for entering of a final order of forfeiture and providing for hearing only if a third party files a petition); <u>United States v. King</u>, No. 3:06-CR-212-J-33MCR, 2009 WL 1767622, at *2 (M.D. Fla. June 22, 2009) ("'Section 3143 contains no express requirement for an evidentiary hearing before entry of an order of detention pending sentencing.'" (citation omitted)).

For the foregoing reasons, defendant's *pro se* motions, (DE ## 277, 280, 281, 284), are DENIED.

This 16 June 2020.

_____
W. Earl Britt
Senior U.S. District Judge