IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-134-BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XAVIER MILTON EARQUHART | ORDER |

    This matter is before the court on defendant's various *pro se* motions, including ones for appointment of new counsel. (DE ## 302, 305, 306, 308, 311, 313.)

    On 24 August 2020, the court held a hearing on defendant's earlier *pro se* motions for appointment of counsel and defense counsel's motion to withdraw. The court denied those motions and directed defendant, if he desires to proceed *pro se* at resentencing, to file a written motion to that effect. (8/24/20 Order, DE # 298.) Defendant's resentencing hearing is currently set for 23 November 2020.

    The court has thoroughly considered defendant's request for new counsel and declines to disturb its earlier ruling. The court notes that in his most recent motion, as an alternative to the appointment of new counsel, defendant states he "voluntarily relinquishes the right to assistance of counsel[.]" (DE # 313, at 9.) If defendant seeks to proceed *pro se* at his resentencing hearing, he must file an unqualified motion to that effect. Defendant's motions, to the extent he requests appointment of new counsel and reconsideration of the court's 24 August 2020 order, are DENIED.

To the extent defendant seeks other relief, his motions will likewise be denied. In his motion filed 24 September 2020, defendant moves for a judgment of acquittal as to Counts 11 and 12 and an evidentiary hearing. (DE # 302.) As the court has previously recognized, "[s]uch a motion must be filed, at the latest, 14 days after the court discharges the jury." (6/16/20 Order, DE # 285, at 4-5 (citing Fed. R. Crim. P. 29(c)(1)).) Defendant's motion was filed well beyond that time. Also, because this case is on remand from the Fourth Circuit Court of Appeals, the mandate rule bars the court from considering this challenge. See United States v. Pileggi, 703 F.3d 675, 679 (4th Cir. 2013). Therefore, defendant's motion for judgment of acquittal and an evidentiary hearing, (DE # 302), is DENIED.

In his motion filed 1 October 2020, defendant requests resentencing "solely based on criminal history and jury verdict" and revision of his presentence report. (DE # 305, at 1.) In another motion, defendant requests that his presentence report be revised according to the sentencing guidelines in effect at the time the offenses were committed. (DE # 308.) In resentencing defendant, the court intends to abide by the relevant law defendant cites, including Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), sentencing defendant within any statutory maximum authorized by the jury's verdict and treating the sentencing guidelines as advisory. Defendant *pro se* and his appointed counsel have filed objections to the revised presentence report. (DE ## 240, 248.) The court will rule on those objections at the resentencing hearing. The court will not rule on objections or order any revision to the presentence report prior to that time. Accordingly, defendant's motions regarding his resentencing and the presentence report, (DE ## 305, 308), are DENIED.

In his remaining motions, defendant seeks the dismissal of all counts, vacatur of the final order of forfeiture, and return of any seized property. (DE ## 306, 311.) Once again, the

mandate rule bars the court from considering defendant's challenges to his conviction and the final order of forfeiture, see Pileggi, 703 F.3d at 679, and these motions are DENIED.

The Clerk is DIRECTED to serve a copy of this order on defendant.

This 3 November 2020.

_____
W. Earl Britt
Senior U.S. District Judge