IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-134-BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XAVIER MILTON EARQUHART | ORDER |

This matter is before the court on several pending motions.[1]

On remand from the Fourth Circuit Court of Appeals, on 8 and 9 June 2021, the court conducted defendant's resentencing hearing. During the 8 June portion of the hearing, the court allowed defense counsel's motion to withdraw and permitted defendant to proceed *pro se*. Prior to imposing defendant's sentence, the court determined that its role on remand was limited to resentencing defendant and that it would not reconsider its rulings on objections to the Presentence Sentence Report ("PSR") made at defendant's original sentencing hearing, and thus, defendant remained bound by those rulings. Similarly, the court determined defendant was foreclosed from raising any additional objections to the PSR.

Based on these determinations and the fact the court has imposed defendant's sentence on remand, the following motions are DENIED as moot: defendant's motion for an order setting

---

[1] "The general rule [is] that an appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Modanlo, 762 F.3d 403, 408 (4th Cir. 2014) (internal quotation marks and citation omitted). This rule is subject to limited exceptions—"district courts [may] take subsequent action on matters that are collateral to the appeal, or [] take action that aids the appellate process." Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014) (citations omitted). Although defendant has filed a notice of appeal from the court's amended judgment, the court finds it has the authority to act under both of these exceptions.

resentencing by videoconference on or before 2 December 2020 and to vacate docket entry 323 (the minutes of the 23 November 2020 hearing) and docket entry 324 (an order denying defendant's *pro se* motions because counsel represented him and notifying defendant the court would no longer entertain *pro se* motions), (DE # 325); defendant's motion to correct the PSR before resentencing, (DE # 340); defendant's motion to be resentenced with a criminal history category of I, (DE # 356); the government's motion to preclude re-litigation of matters previously ruled upon and litigation of matters waived by failing to raise them on appeal, (DE # 364); defendant's motion to compel video footage of his arrest and the search of his office, (DE # 366); defendant's motion to continue resentencing, (DE # 367); defendant's motion for an evidentiary hearing, (DE # 370); defendant's motion for a detention hearing, (DE # 371); defendant's motion for unredacted trial exhibits for use at resentencing, (DE # 372); defendant's motion to suppress evidence supporting Counts 8 through 13, (DE # 373); and, defendant's motion to dismiss Counts 8 through 13, (DE # 374).

Defendant seeks the return of his seized property not used as evidence at trial and not subject to forfeiture. (See DE # 375.) The government is DIRECTED to file a response to this motion within 30 days.

Finally, defendant requests that the court seal his *pro se* filings regarding (1) orders of expungement of his state criminal charges which were dismissed or on which he was found not guilty, docket entry 340, and (2) an order of expungement of his state criminal convictions, docket entry 356. (DE # 377.) As for the documents evidencing the expungement of state criminal charges, defendant filed them on 22 March 2021 and without any request to seal. Therefore, those documents (and the information contained therein) have been publicly available for nearly three months. As for the document evidencing the expungement of state criminal

2

convictions, defendant filed it on 10 May 2021 and without any request to seal. A month later, during defendant's resentencing hearing, the information contained in that document was discussed in open court, without any request from defendant to close or seal the courtroom. Also, during the resentencing hearing, the government submitted two exhibits (Exhibits 3 and 4) containing case information about two of the convictions defendant had expunged, which the state court later reinstated. Defendant made no request that these exhibits be sealed. Under the circumstances, the court finds defendant has waived any interest in the confidentiality of the documents, see Patriot Grp. Int'l, Inc. v. Janus Glob. Operations LLC, No. 1:16-CV-907 (LMB/TCB), 2016 WL 11668615, at *2 (E.D. Va. Aug. 11, 2016) (where the public had access to documents for nearly a month, the "defendant's delay in moving to seal operates as a waiver" and recognizing "'to the extent that the parties have discussed the contents of the [putatively] sealed documents in their filings, briefings, and in open court, or have entered such documents into evidence, the Court considers the parties' arguments regarding the need for such information to be sealed to have been waived'" (quoting Certusview Techs., LLC v. S&N Locating Servs., LLC, No. 2:13-CV-346, 2016 WL 4134643, at *12 n.12 (E.D. Va. Aug. 2, 2016)), and his motion to seal is DENIED.

      This 17 June 2021.

_____
              W. Earl Britt
              Senior U.S. District Judge