IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-134-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | | ORDER |
| XAVIER MILTON EARQUHART | | |

This matter is before the court on defendant's *pro se* motion for return of property not traceable to his offenses of conviction and not used at trial.[1] (DE # 375.) The government filed a response to the motion indicating that it does not oppose the return of certain property, subject to logistical considerations. (DE # 393.) Accordingly, defendant's motion is ALLOWED, and the government shall return the following property to defendant's authorized representative:

1. One note payable from Gregory Watkins, two passports, and miscellaneous receipts seized from 1222 Eastchester Drive, Suite 101, High Point, NC, and identified as Item Nos. 1 and 4 on the corresponding seizure inventory;

---

[1] Although defendant's direct appeal of his resentencing is pending, the court has jurisdiction over this motion because it is collateral to the appeal. See United States v. Strom, 611 F. App'x 148, 149 (4th Cir. 2015) (Generally, "an appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." This general rule is subject to limited exceptions, permitting the district court "to take subsequent action on matters that are collateral to the appeal, or to take action that aids the appellate process." (citations omitted)). In contrast, the court does not have jurisdiction over defendant's motion for return of seized gold and silver bullion bars, (DE # 390). That property is the subject of a civil forfeiture action as property involved in the offenses and constituting or derived from proceeds traceable to the offenses. See United States v. Earquhart's Personal Property, No. 5:17-CV-525-BR (E.D.N.C.), DE # 1. That civil forfeiture action has been placed in abeyance pending defendant's appeal in this case. See id., DE # 30.

2. A T-Mobile receipt, a civil case print, and a business card seized from 2910 Lawndale Drive, Unit 1134A, Greensboro, NC, and identified as Item No. 1 on the corresponding seizure inventory;

3. A plastic bag containing slide freezer bags, duct tape, and miscellaneous items, which were seized from 6911 Louetta Road, Unit D490, Spring, TX, and identified as Item No. 6 on the corresponding seizure inventory;

4. A certificate of title for a Toyota Avalon, paperwork for a storage unit, a box, and wrapping that were seized from 6911 Louetta Road, Unit D490, Spring, TX, and identified as Item Nos. 8, 9, 13, and 20 on the corresponding seizure inventory; and

5. A birth certificate seized from a 2007 Toyota Prius and identified as part of Item No. 2 on the corresponding seizure inventory.

Within 60 days of the date of this order, defendant shall designate in writing an authorized representative to whom the above-listed property can be released. That authorized representative shall contact the United States Attorney's Office for the Eastern District of North Carolina within 60 days of the date of this order to arrange to retrieve the above-listed property. **Defendant is warned that if he fails to timely identify an authorized representative or if the authorized representative fails to timely contact the United States Attorney's Office, the above-listed property shall be deemed abandoned and the government shall be authorized to dispose of it in accordance with applicable law and procedures.**

This 4 October 2021.

_____
W. Earl Britt
Senior U.S. District Judge