IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-134-FL
NO. 5:23-CV-00722-FL

| | |
|---|---|
| XAVIER MILTON EARQUHART, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (DE 431) (the "§ 2255 motion"), petitioner's motions for leave for exemption from filing requirements, for an evidentiary hearing, for discovery, to expand the record, to seal, for bail, and to expedite (DE 432, 433, 434, 435, 437, 452, 456, 458, 462), and respondent's motion to dismiss (DE 447). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R") (DE 465), wherein it is recommended that the court deny all of petitioner's motions except his motion for leave for exemption from filing requirements, and grant respondent's motion. Petitioner filed objections and appealed all the magistrate judge's non-dispositive rulings. For the following reasons, the court adopts the M&R in full, denies all but one of petitioner's motions, and grants respondent's motion.

**BACKGROUND**

Petitioner was indicted for 1) ten counts of bank fraud; 2) two counts of engaging in monetary transactions involving criminally derived property; and 3) one count of aggravated

identity theft. After a jury trial, petitioner was convicted of all counts. Petitioner appealed his convictions to the United States Court of Appeals for the Fourth Circuit, which affirmed petitioner's convictions but vacated his sentence and remanded for resentencing. Petitioner was represented by counsel on appeal, but lodged numerous pro se filings raising grounds for appeal which his counsel did not pursue. The Fourth Circuit denied petitioner's motion for leave to submit pro se filings.

On remand, petitioner was again represented by counsel, who filed objections to a revised presentence report, until said counsel withdrew based on petitioner's filing of bar complaints against her. At resentencing, the court overruled petitioner's objections and pronounced an aggregate sentence of 316 months imprisonment. Petitioner appealed again, this time pro se. The Fourth Circuit affirmed, declining to consider a number of petitioner's arguments on grounds that the mandate rule foreclosed re-litigation of issues petitioner presented in his brief. After his petition for a writ of certiorari was denied, petitioner filed the instant § 2255 motion on December 15, 2023.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).[1] Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident

---

[1] In citations in this order, all internal quotations and citations are omitted, unless otherwise specified.

Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.   Analysis

In addressing the reasons for dismissal of the § 2255 motion, the magistrate judge thoroughly and cogently determined that petitioner's claims for ineffective assistance of counsel lack merit in light of the record and the circumstances of this case. See Strickland v. Washington, 466 U.S. 668, 678–88 (1984). Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R.

Petitioner asserted dozens of grounds for relief in his § 2255 motion, and renews most of these grounds in his objections

1. Grounds 6, 8, 9, 10[2]

First, petitioner presents arguments about a cluster of four alleged defects in the government's proof at trial. Petitioner argues that his trial counsel filed a "hollow" Rule 29 motion and that his appellate counsel abandoned these issues during petitioner's first appeal. However, as the government noted in its brief and as the M&R acknowledged, the government presented ample proof about what petitioner now claims were missing elements of its case. (See Gov's Br. (DE 465) 14–17 (responding to all four arguments with accurate citations to the trial transcript to evidence sufficient to permit a jury to make the required findings)). These arguments are all challenges to the jury's assessment of the evidence, petitioner's conclusory statements to the contrary notwithstanding. Petitioner fails to show that appellate counsel was ineffective for failing to pursue meritless arguments.

2. Ground 1

Petitioner argues that petitioner's counsel rendered ineffective assistance by failing to pursue challenges to the district court's jurisdiction based on "sovereign citizen" arguments, which are universally recognized as lacking basis in law or fact. See, e.g., United States v. Glover, 715 F. App'x 253, 255 (4th Cir. 2017); United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990) ("no conceivable validity in American law"). Counsel was not ineffective for failing to pursue such meritless arguments.

In his objections, petitioner presents a second ground also under the heading of "Ground 1," which argues against the forfeiture order entered in this case. (See Objs. (DE 467) 5–6). But § 2255 cannot be used to challenge non-custodial components of a sentence, such as forfeiture. Krol v. United States, 5:15-cr-292-FL, 2020 WL 1498876, at *6, *8 (E.D.N.C. Jan. 23, 2020);

---

[2] Petitioner raises this same objection under two headings: "Ground 2" and "Grounds 6, 8, 9, 10." (See Objs. (DE 467) 4–5, 6–7).

4

Case 5:17-cr-00134-FL    Document 471    Filed 06/03/25    Page 4 of 15

United States v. Hudgins, 201 F. App'x 142, 143 (4th Cir. 2006); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (collecting cases).

This objection is overruled.

3. Ground 2

Petitioner argues his appellate counsel failed to object properly to the admission of petitioner's testimony from his bankruptcy proceeding. As the M&R notes, petitioner presents no authority that this admission violated the Self-Incrimination Clause, despite his summary insistence that it did. And given the highly deferential review accorded to a district court's evidentiary rulings, appellate counsel was not ineffective for not pursuing this argument. See Davila v. Davis, 582 U.S. 521, 553 (2017) ("effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed").

4. Ground 3

Petitioner asserts an ineffective assistance claim based on counsel's alleged failure to challenge the venue for counts 1-7 and 9. Unlike other facts in its case, the government need prove venue only by a preponderance of the evidence. United States v. Engle, 676 F.3d 405, 412 (4th Cir. 2012). Venue is proper in any district in which a federal offense was "begun, continued, or completed." 18 U.S.C. § 3237(a). Here, the government presented evidence at trial showing that the petitioner committed fraudulent acts in Wake and Franklin Counties, which are both within this district. (See Trial Tr. Day 1 (DE 312) 99:7–101:9). The government satisfied its burden to prove venue by a preponderance of the evidence, and this ground for relief is meritless.

5. Ground 4

Petitioner argues that counsel was ineffective for failing to argue for the inclusion of jury instructions based on Skilling v. United States, 561 U.S. 358 (2010). But that case involved the

honest-services fraud statute, 18 U.S.C. § 1346, and has no connection to the bank fraud statute, 18 U.S.C. § 1344, under which petitioner was charged. (See generally Superseding Indictment (DE 81)). Petitioner asserts without citation that Skilling's holdings must be read to cover all federal fraud statutes. But that case, again, engaged in highly specific analysis particular to the honest-services fraud doctrine's evolution through the 20th century. See Skilling, 561 U.S. at 399–411. Because Skilling has no application to the offenses on which petitioner was tried, counsel was not ineffective for failing to argue for a Skilling-based jury instruction.

6. Ground 5

Petitioner argues that counsel was ineffective for failing to object to the court's definition of the statutory term "mortgage lending business," which petitioner claims constituted a constructive amendment of the indictment. However, the definition of a statutory term does not constitute a constructive amendment. United States v. Woods, 271 F. App'x 338, 344–45 (4th Cir. 2008); see also United States v. Chopra, 67 F.4th 913, 915–16 (8th Cir. 2023); United States v. Rivera, 415 F.3d 284, 287 (2d Cir. 2005). Thus, this claim is without merit.

7. Ground 7

Petitioner argues that counsel was ineffective for not challenging the court's evidentiary ruling admitting certificates showing that certain financial institutions were FDIC-insured, on grounds that the certificates were not original, and that no custodian testified as required. Fed. R. Evid. 803(6), (8). The record belies these assertions. (Trial Tr. Day 1 at 121–22 (witness testifying

to the elements of Rule 803(6) regarding these documents)); see also United States v. Hall, 945 F.3d 507, 510 (D.C. Cir. 2019) (addressing similar argument).

8.  Ground 11

Petitioner argues counsel was ineffective for failing to challenge counts 8-10 and 13 as duplicitous. A duplicitous indictment charges two offenses in one count. United States v. Robinson, 855 F.3d 265, 270 (4th Cir. 2017).

A single scheme may support multiple convictions under the bank fraud statute if executed more than once, and if the acts were "chronologically and substantively independent" from each other. United States v. Colton, 231 F.3d 890, 909 (4th Cir. 2000). Here, petitioner was charged with fraudulent conduct related to three distinct properties, on different dates, with different victims. (Superseding Indictment at 11). These were separate executions of the same scheme that were independent from each other and therefore not duplicitously charged. See Colton, 231 F.3d at 909.

Petitioner also argues that count 13, aggravated identity theft, was duplicitous because it charged fraudulent use of means of identification belonging to two different persons. However, no such error occurs if a jury can disagree on the means by which a defendant committed an offense, so long as it unanimously agrees that each element was satisfied. Robinson, 855 F.3d at 270. For example, it is proper for an indictment to charge possession of two different firearms in one count in a prosecution under 18 U.S.C. § 922(g), because a jury can disagree on the means of the offense (which firearm was possessed), so long as it unanimously agreed that a defendant

7

possessed at least one. See id. at 270–71. The same logic applies here, so this argument does not succeed.

9. Ground 12

Petitioner challenges the admission of his ownership of a "notary stamp printer" under Federal Rule of Evidence 403, on grounds that it did not actually print notary stamps. But the government introduced evidence that the machine was a notary stamp printer, and petitioner asserts otherwise in purely summary fashion with no evidentiary support. (See Trial Tr. Day 3 (DE 181) 179:16–180:25). This objection is meritless.

10. Ground 13

Petitioner argues counsel failed to challenge evidence obtained by searches which were then used to access places for which the government had obtained search warrants. But petitioner agrees that the government had search warrants for each location searched. (See Petitioner's Br. (DE 431-1) 10–11). It is therefore difficult to discern petitioner's Fourth Amendment theory, but he cites no authority for his apparent proposition that the government violated the Fourth Amendment by using his keys to access locations for which it possessed search warrants. Petitioner therefore fails to meet his burden to show that an "unfiled suppression motion was meritorious and likely would have been granted." United States v. McNeil, 126 F.4th 935, 942 (4th Cir. 2025). This ground for relief fails.

11. Ground 14

Petitioner contends counsel was ineffective by failing to argue that "official checks" and "cashier's checks" do not qualify as monetary transactions. However, cashier's checks do qualify

as monetary transactions under the charged statutes. United States v. Butler, 211 F.3d 826, 830 (4th Cir. 2000). This argument is meritless.

12. Ground 15

Petitioner argues that counsel engaged in ineffective assistance by failing to challenge the government's purported failure to prove that his crimes occurred in the United States. But the indictment charged, the evidence at trial showed amply, and the jury instructions required the jury to find, that petitioner's criminal conduct occurred in this district. (See, e.g., Trial Tr. Day 3 at 131:23–25, 145:11–13; Jury Instructions at 15, 19, 22; see generally Superseding Indictment). This argument is meritless.

13. Ground 16

Petitioner's sixteenth ground for relief is that the government did not show that the transactions alleged in counts 11 and 12 involved proceeds of unlawful activity. However, the filing of fraudulent documentation permitted petitioner to mortgage and sell the pertinent properties as if they were unencumbered, which increased his likelihood of obtaining a mortgage and the sales price. (See Trial Tr. Day 2 (DE 180) 62:8–19, 75:15–76:9). These transactions therefore did involve the proceeds of fraud, and petitioner fails to present any contrary authority. This ground for relief does not succeed.

14. Ground 17

Petitioner next challenges 18 U.S.C. § 1957 as unconstitutionally vague because it does not specify what currency "$10,000" must be in. However, courts have universally rejected vagueness challenges to this statute. E.g., United States v. Silver, 117 F. Supp. 3d 461, 472 (S.D.N.Y. 2015) (collecting cases). This ground for relief does not succeed.

15. Ground 18

Petitioner argues counsel was ineffective for failing to challenge count 13 of the indictment as omitting the "means of identification" element of the aggravated identity theft statute. However, the indictment alleged that petitioner used "certain means of identification belonging to other persons," (Superseding Indictment at 13–14), and fraudulent notary stamps constitute means of identification within the reach of the statute. United States v. Sardariani, 754 F.3d 1118, 1122 (9th Cir. 2014). Petitioner's other argument is that the person whose identity he stole had changed her name before trial. This theory fails too. Petitioner presents no authority supporting the legal relevance of that fact, nor has this court found any. Finally, this argument does not implicate any of the elements of the crime. See United States v. Abdelshafi, 592 F.3d 602, 607 (4th Cir. 2010) (setting out elements of federal aggravated identity theft).

16. Ground 24

Petitioner asserts that counsel was ineffective for failing to challenge the application of a sentencing enhancement that took effect after his conduct concluded on Ex Post Facto Clause grounds. The pertinent enhancement took effect on November 1, 2015, but petitioner was charged with conduct "between 2013 and 2016," and his amended presentence report noted relevant conduct in 2016. (Superseding Indictment at 1, 5; PSR (DE 145) ¶ 14; Am. PSR (DE 255) ¶¶ 16–17)). "It was not the amendments to the Sentencing Guidelines that disadvantaged [petitioner], it was [his] election to continue [his] criminal activity." United States v. Kumar, 617 F.3d 612, 628 (6th Cir. 2010). Petitioner's counsel was therefore not ineffective for failing to raise this argument.

17. Ground 25

Petitioner next argues that counsel was ineffective for not challenging the use of uncharged conduct to calculate the intended loss amount of approximately $1.8 million. However, the

10

guidelines permit a sentencing court to calculate loss amount using uncharged conduct if part of the same scheme, as occurred here. U.S.S.G. §§ 1B1.1 cmt. 1(H), 1B1.3(a)(2); United States v. Smith, 29 F.3d 914, 918 (4th Cir. 1994) (rejecting this argument).

18. Ground 26

Petitioner argues counsel was ineffective for failing to challenge a sentencing enhancement for causing substantial financial hardship to at least one victim. Petitioner contends this enhancement requires actual loss to "real victims," not "speculative or intended loss to uncharged third parties." (Objs. at 27). However, the court applied this enhancement based on actual losses sustained by more than one victim. (See Am. PSR (DE 255) ¶¶ 26–27; Tr. of Resentencing (DE 406) 3). This objection is therefore baseless.

19. Ground 27

Petitioner challenges the application of an enhancement for making a misrepresentation during a bankruptcy proceeding under U.S.S.G. § 2B1.1(b)(9)(B). Petitioner claims this misrepresentation was unrelated to the offense conduct, but his misrepresentations concerned the transactions and properties that were the subject of the indictment in this case. (See Am. PSR at 23). Petitioner's other contention, that this enhancement violated his Fifth Amendment right against self-incrimination, fails because petitioner does not claim that he actually asserted that privilege during the proceeding. (See Petitioner's Br. at 19). This objection is meritless.

20. Ground 28

Petitioner objects to the application of a sentencing enhancement for using sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C). He repeats his ex post facto argument, which the court rejects for the same reason as above. Further, the Fourth Circuit has approved the application of this enhancement to a defendant who used numerous businesses to conceal mortgage fraud, as

11

petitioner did here.  See United States v. Sadr, 465 F. App'x 278, 280–81 (4th Cir. 2012).  This objection therefore cannot succeed.

21. Ground 29

Petitioner challenges the application of an enhancement for using an authentication feature under U.S.S.G. § 2B1.1(b)(11)(A), on grounds that a notary stamp does not qualify.  Petitioner is incorrect.  Sardariani, 754 F.3d at 1121–22.  Petitioner also claims that the presentence report improperly applied the enhancement twice.  The record does not support this assertion.  (Am. PSR at 17 (applying this enhancement once)).

22. Ground 30

Petitioner claims there was no evidence supporting an enhancement for possession of a dangerous weapon in connection with the offense under U.S.S.G. § 2B1(b)(16)(B).  In this case, a stolen firearm was found alongside petitioner's checks and nearly $300,000 in gold belonging to petitioner.  (Am. PSR ¶ 18).  Application of this enhancement is proper when a defendant uses a weapon to protect unlawfully acquired property.  See, e.g., United States v. Delva, 922 F.3d 1228, 1256 (11th Cir. 2019).  This reasoning also aligns with the application of analogous enhancements to armed drug dealers.  E.g., United States v. Manigan, 592 F.3d 621, 628–29 (4th Cir. 2010).  Thus, petitioner's counsel was not ineffective for not presenting an objection along these lines.

23. Ground 31

Petitioner challenges the application of an enhancement for being the organizer, leader, manager, or supervisor of criminal activity under U.S.S.G. § 3B1.1(c).  Petitioner does not deny that he ordered an accomplice to purchase the checks petitioner used and to wire his funds, which support the enhancement.  United States v. Steffen, 741 F.3d 411, 416 (4th Cir. 2013) (affirming application of enhancement to defendant who merely ordered accomplice to place a utility bill in

12

accomplice's name to avoid detection). This challenge is no more than a conclusory attempt to re-litigate the sentencing court's factual findings, and must fail.

24. Ground 32

Petitioner challenges the application of an enhancement for obstruction of justice under U.S.S.G. § 3C1.1 for false statements he made during the preparation of his presentence report. This argument is defeated by United States v. Savage, 885 F.3d 212, 225 (4th Cir. 2018), and the plain language of the guideline, see U.S.S.G. § 3C1.1 cmt. 4(h), and accordingly fails.

25. Ground 33

Petitioner challenges the court's purported miscalculation of petitioner's criminal history score based on his attempts to defraud the state court system into granting improper expunctions. (See Resentencing Tr. (DE 407) 30–37). However, petitioner acted as his own counsel at resentencing. Petitioner cannot lodge an ineffective assistance claim about his representation of himself. McKaskle v. Wiggins, 465 U.S. 168, 178 n.8 (1984).

26. Ground 34

Petitioner argues that his counsel was ineffective for not seeking trial severance of counts 1-7 from counts 8-13. In this case, the conduct underlying all counts was part of the same fraudulent modus operandi as part of a common scheme. Courts regularly deny severance in such circumstances. E.g., United States v. Rickerson, 635 F. Supp. 3d 406, 408–09 (W.D.N.C. 2022). Petitioner fails to show that joinder was so "manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995).

27. Ground 35

Petitioner argues counsel was ineffective in failing to challenge the court's consideration at sentencing of facts not found by a jury. This argument flies in the face of the rule that a sentencing court may consider any uncharged and acquitted conduct in determining a sentence if it finds said conduct by a preponderance of the evidence. United States v. Medley, 34 F.4th 326, 335 (4th Cir. 2022). This argument must fail.

28. Ground 36

Petitioner's final challenge appears to be that the guidelines commentary to U.S.S.G. § 2B1.1(b)(1) is unconstitutionally vague. (See Petitioner's Br. at 23). However, the advisory guidelines are not subject to vagueness challenges. Beckles v. United States, 580 U.S. 256, 267 (2017). Accordingly, this last challenge fails.

29. Other/Procedural Motions

Petitioner has filed several procedural motions, and appealed several of the magistrate judge's non-dispositive rulings.

Because petitioner's § 2255 motion is meritless, his motion for an evidentiary hearing is denied. His motions for discovery, for bail, to expand the record, to expedite, and to seal are all denied for the same reasons. Petitioner's motion for exemption from Rule 3 of the Rules Governing 28 U.S.C. § 2255 proceedings is granted.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-

38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 465). Petitioner's § 2255 motion (DE 431) is DENIED, and respondent's motion to dismiss (DE 447) is GRANTED. Petitioner's motion for exemption from Rule 3 (DE 432) is GRANTED. Petitioner's motions to for an evidentiary hearing, for discovery, for bail, to expedite, to expand the record, and to seal (DE 433, 434, 435, 437, 452, 456, 458, 462) are DENIED. This action is DISMISSED for failure to state a claim upon which relief can be granted. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 3rd day of June, 2025.

                                                LOUISE W. FLANAGAN
                                                United States District Judge